**J. Alton MILLS, Appellant,**

v.

**Robert Franklin BARTLETT et al., Appellees.**

**No. 68.**

Court of Civil Appeals of Texas.

Tyler.

March 6, 1964.

W. Ernest West, Canton, for appellant.

Wynne & Wynne, Wills Point, William C. Elliott, Jr., Canton, Enoch Fletcher, Grand Saline, for appellees.

SELLERS, Justice.

This suit is brought by J. Alton Mills in the District Court of Van Zandt County, Texas, against the Democratic Executive Committee of Van Zandt County, its chairman, L. F. Sanders, each individual member thereof, and Robert Franklin Bartlett, praying for a restraining order to restrain the Executive Committee from placing the name of appellee, Robert Franklin Bartlett, on the Democratic ballot as a candidate for County Attorney and/or Criminal District Attorney for Van Zandt County, Texas, to be held on May 2, 1964, for the alleged reason that Robert Franklin Bartlett could not meet the residence requirements of Article 1.05 of the Election Code, as amended by Acts 1963 of the 58th Legislature, page 1017, Chapter 424, V.A.T.S., for candidates for public office at the Democratic Primary, May 2, 1964. From an order denying the injunctive relief, appellant appealed.

The provisions of Article 1.05 of the Election Code provide that, before a candidate can have his name placed upon the official ballot for the office of County Attorney and/or Criminal District Attorney of Van Zandt County, the candidate must have

resided in Van Zandt County for at least six months preceding the date of the primary election.

Appellant J. Alton Mills and Appellee Robert Franklin Bartlett are both candidates for the office of County or District Attorney of Van Zandt County in the Democratic Primary election to be held on May 2, 1964.

The only witness to testify in the hearing in the trial court was the Appellee, Robert Franklin Bartlett. By agreement of the parties, however, his testimony was corroborated by the County Attorney of that county, who is one Mr. Grisham and who is now the present County Attorney. Upon trial before the court, without a jury, the application for the injunction was denied, and the appellant has duly prosecuted his appeal to this court.

■ The majority of this court is of the opinion that there are facts in the record which authorize and support the trial court's findings that Robert Franklin Bartlett was a resident of Van Zandt County from October, 1963, and for that reason was entitled to have his name placed upon the official ballot.

Bartlett, as the undisputed facts show, for several years has been a student at Baylor University, his parents residing in Marshall, Texas. Bartlett obtained his college degree in November, 1963, took the bar examination, and passed the same. He is now 27 years of age, single, and is at the present time Assistant County Attorney of Van Zandt County.

Under the present election code, in order for Bartlett to be a candidate for the office of County Attorney of Van Zandt County, he must have resided there for six months prior to the primary election in 1964. It is the contention of J. Alton Mills, the appellant in this court, that Bartlett could not qualify because he did not become a resident of Van Zandt County until some time around the 16th of December. In other words, there is a month or six weeks lacking in the residential requirement according to the appellant. With this, the court does not agree.

Under Article 5.08 of the Election Code, a student in a university does not acquire legal residence there unless he does something other than attend that particular college; therefore, it is not contended here that Bartlett was a resident of Waco where he attended college. While in college, and after he had taken the bar examination and was in the process of securing his degree from Baylor University, and after learning that there was a vacancy for an Assistant County Attorney in Van Zandt County, Bartlett went to Van Zandt County in person and contacted the County Attorney and before leaving Van Zandt County made a trade with the County Attorney to become Assistant County Attorney of that county and joined with him in the private practice of law immediately upon receiving his license. At this same time, and while in Van Zandt County, he discussed with the County Attorney the need to make Van Zandt County his residence on that date in order that he might qualify for a position on the ballot for the office of County Attorney in 1964, because Mr. Grisham had told him that, in view of his health, he would not be a candidate. This took place in October, 1963, in ample time for him to have six months residence in that county. He expressed his intention at that time of making Van Zandt County his residence from that very date.

■ This expressed intention, together with the act of coming to Van Zandt County and entering into a contract to work there and commence his career in the practice of law, intending to return only temporarily to Waco to finish his college course, constitutes some evidence of probative force upon the question of whether he established his residence in Van Zandt County. Since intent and actual presence in a county is all that is required to establish one's residence, the court thinks the facts in this case are ample to support the trial court's judgment.

Certainly it is stronger than the facts in the case of Linger v. Balfour, Tex.Civ.App., 149 S.W. 795, wherein the court held that an

unmarried university student during a vacation went to a particular town and declared his intention of becoming a resident thereof, and went from the university to that place to vote, sufficiently shows that he resided therein.

In Corpus Juris Secundum, Vol. 77, Residence, p. 297, we find this holding:

"While bodily presence is regarded as one of the elements of residence, the length of the period of bodily presence, however short, is of no consequence, provided the concurring intent is established by other evidence, for the question of residence, in its legal signification, is not necessarily dependent on the length of time spent in a particular place, for any time, however short, when coupled with an intent, will be sufficient. When the necessary intent is not established by other evidence, then the period of bodily presence may become an important factor in determining whether the requisite intent does or does not exist."

■ The term "residence" is an elastic one, and difficult of precise definition. The sense in which it should be used is controlled by reference to the object. Its meaning is dependent upon the circumstances then surrounding the person, upon the character of the work to be performed, upon whether he has a family or a home in another place, and largely upon his present intention. Owens v. Stovall, Tex.Civ.App., 64 S.W.2d 360.

■ The testimony of a witness as to his intention is, of course, not necessarily controlling. It is, however, an element which may be considered by the authority authorized to determine fact issues—the jury or the trial judge. McBride v. Cantu, Tex.Civ. App., 143 S.W.2d 126.

■■ When we view the evidence on appeal from judgment in a case tried without a jury, the Court of Civil Appeals must view evidence in the light most favorable to the trial court's findings and sustain them if there is evidence of probative force, reasonably tending to support them in record. Bray v. Peden, Tex.Civ.App., 213 S.W.2d 469. If the evidence is sufficient, and we believe that it is, to raise a fact issue, on whether Bartlett established his residence in Van Zandt County in October, then his temporary absence from the district would not disqualify him if his intention was to return. Jordan v. Overstreet, Tex.Civ.App., 352 S.W.2d 296. In the case of McBeth v. Streib, Tex.Civ.App., 96 S.W.2d 992, the following principles of law are announced:

"In any event, it is well settled, we think, that the question of one's residence in this state is distinctly one of intention and of fact. * * *

"The presumption, of course, obtains here, as generally in this state, that every man has the right and privilege of fixing his residence according to his own desires. This applies to single men as well as married men, though it is a matter of common knowledge that single men do change their places of residence more frequently than married men. That fact, however, does not change or take away their definite legal rights, if, as, and when they comply with the law and acquire same under a change of residence or otherwise."

Under the above and foregoing authorities, it is the opinion of the court that the trial court's judgment should be affirmed.

■ On account of the emergency, due to the near approach of the time for printing the ballots for the May primary, the parties hereto will be denied the right to file a motion for rehearing.

DUNAGAN, Chief Justice (dissenting).

I find myself unable to agree with my brethren to an affirmance of this case.

This suit is brought by J. Alton Mills in the District Court of Van Zandt County, Texas, against the Democratic Executive

Committee of Van Zandt County, its chairman, L. F. Sanders, each individual member thereof, and Robert Franklin Bartlett, praying for a restraining order to restrain the Executive Committee from placing the name of appellee, Robert Franklin Bartlett, on the Democratic ballot as a candidate for County Attorney and/or Criminal District Attorney for Van Zandt County, Texas, to be held on May 2, 1964, for the alleged reason that Robert Franklin Bartlett has not met the residence requirements of Article 1.05 of the Election Code, as amended by Acts 1963 of the 58th Legislature, page 1017, Chapter 424, for candidates for public office at the Democratic primary, May 2, 1964. From an order denying the injunctive relief, appellant appealed.

The provisions of Article 1.05 of the Election Code are as follows:

"No person shall be eligible to be a candidate for, or to be elected or appointed to, any public office in this state unless he shall be eligible to hold such office under the Constitution and laws of this state, and unless he is a citizen of the United States and shall have resided in this state for a period of twelve months next preceding the date of any primary, general or special election at which he offers himself as a candidate or next preceding the date of his appointment, as the case may be, and for any office which is less than state-wide, shall have resided for six months next preceding such election in the district, county, precinct, municipality or other political subdivision for which the office is to be filled; provided, however, that the foregoing residence requirements shall not apply to any office for which the Constitution or statutes of the United States or of this state prescribe residence qualifications in conflict herewith, and in case of conflict the provisions of such other laws shall control. No ineligible candidate shall ever have his name placed upon the ballot at any primary, general or special election; and no ineligible candidate shall ever be voted upon nor have votes counted for him at any such primary, general or special election. No person who advocates the overthrow by force or violence or change by unconstitutional means of the present constitutional form of government of the United States or of this state, shall be eligible to have his name printed on any official ballot in any general, special or primary election in this state. As amended Acts 1963, 58th Leg., p. 1017, ch. 424, § 4."

Appellant contends that appellee Robert Bartlett will not have been a resident citizen of Van Zandt County, Texas for the six-months period next preceding the primary election date on May 2, 1964, as required by Art. 1.05 of the Election Code, and therefore is not eligible to have his name placed on the ballot as a candidate for county and/or district attorney of Van Zandt County in such election.

The office which is involved in this appeal is referred to in the record as county and/or district attorney. In this opinion I will refer to it as county attorney.

Appellant, J. Alton Mills, and appellee, Robert Franklin Bartlett, are both candidates for the office of county and/or district attorney of Van Zandt County in the Democratic primary election to be held on May 2, 1964.

The only witness to testify on the hearing in the trial court was appellee Robert Franklin Bartlett. His testimony reflects that he is single and 27 years of age, and for the last few years has been a law student at Baylor University in Waco, Texas. Prior to entering Baylor University he resided with his parents at 1902 Garrett Street in Marshall, Texas, and continued to reside there until he entered military service and since has either been in military service or attending Baylor University as a student of law. He took the Bar examination in Austin, Texas on October 7, 8, and

9, 1963. He expected to graduate from Baylor University Law School in November, 1963, and to receive his license to practice law in this state shortly thereafter. While he was taking the Bar examination he heard that Van Zandt County was desiring to interview young lawyers. About a week later, which was about the middle of October, 1963, he went to Van Zandt County and talked with Mr. Grisham, who was county attorney for said county, about being appointed assistant county attorney. At that time he and Mr. Grisham entered into a tentative arrangement or agreement wherein Bartlett would finish law school and then return to Van Zandt County to be appointed assistant county attorney. They also worked out a partnership agreement as far as civil matters were concerned. Mr. Bartlett returned to Baylor University where he continued to maintain an apartment where he lived and slept and finished his legal education. He received his license to practice law in the State of Texas around December 1, 1963, and was sworn in on or about December 10, 1963. On September 1, 1963, Mr. Bartlett filed his application to take the Bar examination and gave as his address 1902 Garrett Street, Marshall, Texas, and he gave this same address for his license to be mailed to him. After having been sworn in as an attorney on or about December 10, 1963, he returned to Van Zandt County, had further conversation with Mr. Grisham, County Attorney, and also the County Judge, concerning his appointment as assistant county attorney. On December 16, 1963, he was appointed as assistant county attorney for Van Zandt County and on the same date rented a room in Canton, the county seat of the county.

Mr. Bartlett testified that upon his first visit and meeting with Mr. Grisham in October, 1963, he then at that time formed an intention to make Van Zandt County his residence which intention was so formed apparently for the sole purpose of meeting the residence requirements of Article 1.05 of the Election Code as a candidate for county attorney of Van Zandt County in the primary election to be held on May 2, 1964. We quote testimony of Mr. Bartlett as follows:

"Q Let me ask you this, Bob: When you and Mr. Grisham were discussing this matter back in October, did you also discuss your qualifications:

"A Yes

"MR. WEST: We object to that, your Honor, the discussion of qualifications. He can state the facts that bear on his qualifications but not his discussion with a witness who is not present in the room.

"Q I am talking about your residential qualifications.

"A Yes we did.

"Q Were you aware of the Statutes that these gentlemen are talking about?

"A Yes, I was.

"Q Was Mr. Grisham aware of that Statute?

"A Well, no he was not when I first talked to him.

"Q Then what did you all do about it?

"A Well, the Statute has amended the old Statute, if I might explain my answer, your Honor.

"Q As to what you and Mr. Grisham were talking about, that is what the Court wants to know.

"A The old Statute did not refer to a residence of six months as to primary elections. It referred to general or special elections. As amended the Statute appears to read primarily for a six month residence requirement, if that is the case. I don't believe there is any case law on it so far. At that time I told Mr. Grisham about this, and we decided that something had to be done, and we decided that at that time

my residence and intentions would be Van Zandt County as of the time of that conversation."

It is the contention of the appellees that Mr. Bartlett established his residence in Van Zandt County in October, 1963, by virtue of his forming his intention at that time to make said county his residence and entering into a tentative agreement with Mr. Grisham to be appointed as assistant county attorney upon his being licensed to practice law in this state.

Appellant contends that Mr. Bartlett did not establish residence in Van Zandt County until December 16, 1963, when he was appointed county attorney for said county and rented a room in Canton.

If Mr. Bartlett established his residence in Van Zandt County in October, 1963, he meets the requirement of residence under Article 1.05 of the Election Code, but if he did not establish residence in Van Zandt County until December 16, 1963, he does not meet the residence requirement of Article 1.05.

Mr. Bartlett gave the following testimony on the trial of this cause:

"Q Mr. Bartlett, you haven't claimed your residence in Canton or in Van Zandt County until you were employed in that capacity and rented your room from Mrs. Foster, is that right?

"A No, that is incorrect.

"Q Up until December 10, where have you been calling your headquarters or your home, and where were you sleeping?

"A Well, I was sleeping in Waco, Texas, while I was finishing school. I was at that time considering Canton, Van Zandt County, to be my residence.

\* \* \* \* \* \*

"Q I believe you did say that you had your apartment in Waco up until about December 1.

"A When I graduated. I had it up until the time or about a week after I graduated from law school, that is correct.

"Q And you kept that as your residence up until about the 1st of December.

"A What do you mean by my residence?

"Q Where were you sleeping?

"A I was sleeping at that apartment while I was in school, yes.

"Q And I asked you if you had had an apartment or room or place where you slept in Van Zandt County prior to December 1, 1963.

"A A place where I slept?

"Q Yes sir.

"A No sir I did not.

\* \* \* \* \* \*

"Q You said you hadn't been paying for a place to sleep. You didn't have a place where you were sleeping that you were not paying for either, did you?

"A No, at that time I had no reason to have a regular place here, that is correct.

"Q And you didn't have until you had your understanding or agreement with the County Attorney and with the Commissioner's Court, you had no point to having a place to sleep in the County, did you?

"A I was still in school. I was residing elsewhere.

\* \* \* \* \* \*

"Q Mr. Bartlett, let me ask you if you didn't make an agreement with the Commissioner's Court on December 16, 1963.

"A I believe that was the date of the appointment, yes sir.

"Q Was that the date or the next day that you rented the room at Mrs. Foster's.

"A I just will say around that period, Mr. West, I don't remember the exact date.

"Q You don't know which? You could have known of any reason why you should be here until after you had made your trade with the Commissioner's Court and the County Attorney.

"A Well, no, I had planned on when I graduated from law school that I would come here and work for Mr. Grisham in the District Attorney's office.

"Q And that plan was put into effect and you came here to make your place of residence after you made that agreement with mr. Grisham and the Commissioner's Court?

"A Now, the Commissioner's Court and the County Judge * * * that was the 1st of December, yes.

"Q First of December or the 16th?

"A Well, the 16th, if that is the date, yes sir. I think it is of record. It is on the record.

"Q And before that time you had no reason to call Van Zandt County your home? You weren't sleeping in Van Zandt County as your headquarters prior to that time, were you.

"A No, I was not sleeping in Van Zandt County.

"Q In fact you had no room or apartment or residence to sleep in in Van Zandt County, and made no arrangements about that prior to December 16th, had you?

. "A Along about that time, no sir.

*    *    *    *    *    *

"Q But your actual place of residence, where you were staying and where you were sleeping up until December, the first week in December, was in Waco, was it not?

"A While I was in school, yes sir.

*    *    *    *    *    *

"Q And your first actually living, actually sleeping and having a place to go when the day's work was done, that began December 16, after you secured your appointment with the county.

"A If that was when I rented the room from Mrs. Foster, that would be correct."

A residence is established by a personal presence in a fixed and permanent abode with intention of remaining there. The fundamental element necessary to create a residence in a particular place is actual bodily presence in the place combined with a freely exercised intention of remaining there permanently or for an indefinite time without any present intention to remove from the same. Harrison v. Chesshir, et al., Tex.Civ.App., 316 S.W.2d 909.

The Supreme Court of Montana, in the case of Snyder v. Boulware, 109 Mont. 427, 96 P.2d 913, had before it the question of whether Boulware, at the time he became a candidate for County Commissioner, had been a resident of the district for a sufficient length of time as required by Subdivision 5 of Section 4, Article 16 of the Constitution of Montana which, in providing for the election of county commissioners, provides:

"That no one shall be elected as a member of said board, who has not resided in said district for at least two years next preceding the time when he shall become a candidate for said office."

The Constitution of Montana, as above quoted, is very similar to Section 1.05 of the Election Code of Texas. The court in its opinion said:

"The object to be accomplished by that section was to disqualify those

who were not familiar with the needs of the particular section of the county. To accomplish the purpose of the section, the word 'resided' must be held to mean an actual living in the district. * * *

"One's intention to locate at a particular place does not become effective to establish his residence there until he is physically present at such place. 17 Am.Jur. sec. 19, p. 603, says in part: 'To acquire a domicile of choice in a place, a person must be physically present there, and the residence at the place chosen must be actual.' There is no claim that contestee actually lived in Whitehall before November 14, 1936. His claim is that he announced the intention of making Whitehall his residence as early as March, 1936, and took steps looking to the purchase of a home there at that time. If one leaves his place of residence with the intention of making his home in another place, he is, while in itinere from the old to the new, a resident of the place he had left, and remains so until he reaches the new abode."

The court further cited a number of authorities in support of its holding. The court said in its opinion:

"The contestee's intention to locate in Whitehall as early as Saint Patrick's Day in March, 1935, is made quite clear. But under all the authorities, in order to abandon a residence and acquire a new one, the intention must be combined with the act, and there was no clear act on the part of the contestee to locate at Whitehall until November 14, 1936, which was five days short of a two-year period prior to his election."

The same contention was made in the Montana case above cited as is made in this case and I think the law as expressed in the Montana case is applicable to the case before us.

It is clear that the agreement Bartlett and Grisham entered into in October, 1963, for Bartlett to become assistant county attorney was subject to and contingent on his passing the Bar examination and receiving his law license authorizing him to practice law in this state, because otherwise he would not have been qualified to accept such appointment.

At the time of the meeting of Bartlett with Grisham in October, 1963, at which time a tentative agreement was reached to appoint Bartlett assistant county attorney, he (Bartlett) was not residing in Van Zandt County permanently or temporarily. At most, there was an intention to become a resident of the county and that subject to contingencies of passing the Bar examination and receiving his license to practice law in this state. I do not think a place of residence can be acquired by intention alone. The situation is not at all analogous to that which would have been presented if Bartlett had previously resided in Van Zandt County and moved out of the county. In that case, intention or not to abandon the home—permanent place of residence— would have been material. Intention alone to acquire or create a new residence is, in advance of any character of actual residence, use or preparation, wholly immaterial and ineffective. Prince, et al. v. Inman, Tex.Civ.App., 280 S.W.2d 779; Major, et al. v. Loy, Tex.Civ.App., 155 S.W.2d 617. A person's residence is ordinarily determined by his intention, coupled with overt acts evidencing such intention. United Services Automobile Association v. Harman, et al., Tex.Civ.App., 151 S.W.2d 609.

Now, it is elementary that, to effect a change of one's legal domicile, two things are indisputable: first, residence in the new locality; and second, the intention to remain there. The change cannot be made, except *facto et animo*. Both are alike necessary. Either without the other is insufficient. Welsh v. American Surety Company of New York, et al., United States Court of Appeals, Fifth Circuit, 186 F.2d 16. (Texas case.)

To accomplish a change of either domicile or residence, there must not only be the intention to establish a new place of abode, but also the further fact of actual physical removal thereto and living in or on the established new home. The intention of making a new home, a place of abode or dwelling, without actually moving and living therein, although legally designated as one's exempt homestead, does not in fact constitute such place as one's domicile or residence. The term "permanent residence" signifies a party's permanent home, a settled and fixed abode, where the party has established himself therein by bodily presence, with the intention to make such place his domicile, or permanent residence. Switzerland General Insurance Co. v. Gulf Insurance Co., Tex.Civ.App., 213 S.W.2d 161.

One's residence must be actual, and determined by actual facts, and not by the intention of the voter. Savage v. Umphries, Tex.Civ.App., 118 S.W. 893.

The intention of a person is to be considered in determining his residence under the election statutes where he seeks to vote outside the place of his actual physical residence, but the declaration of such intention by a person denied the right to vote is not conclusive of the question. McWhorter v. Reynolds, Tex.Civ.App., 156 S.W.2d 312.

While declarations are generally admissible to show residence, such declarations are not controlling if the actual facts and circumstances justify a contrary conclusion. Stratton v. Hall, Tex.Civ.App., 90 S.W.2d 865.

Linger v. Balfour, Tex.Civ.App., 149 S.W. 795, is cited in the majority opinion in support of the holding that Bartlett established his residence in Van Zandt County in October, 1963. In this case the voter whose vote was questioned, during a vacation went to Vega, Texas; while there declared his intention of becoming a resident and stayed for a short time, went from there to the University of Texas at Austin and was in the law department of the University of Texas, then went from Austin to Vega to vote in the general election. He was a single man. He testified that he had resided in Vega, Oldham County, more than six months and in the state more than twelve months preceding November 8, 1910, when he voted. This voter was actually bodily present in Vega and while staying there he freely exercised his intention of becoming a resident and remained there for a short time thereafter. In the case at bar Bartlett was in Van Zandt County in October, 1963, but a few hours and did not remain there even over night, but returned to Waco. He did not return to Van Zandt County until December 16, 1963. He testified that from October, 1963 until December 16, 1963, he had resided elsewhere and this is undisputed by all the testimony in the case.

Here, there is an attempt by a man to establish residence in Van Zandt County as of October, 1963, solely on his intention to do so as a result of reaching a tentative agreement with Mr. Grisham to be appointed assistant county attorney for the county at some indefinite time in the future and that contingent on his receiving his law license to practice law, which was necessary for him to qualify for such appointment, without his personal presence in a fixed and permanent *abode* with the intention of remaining there, which the court in Harrison v. Chesshir, supra; Switzerland General Insurance Company v. Gulf Insurance Company, supra; Welsh v. American Surety Company of New York, supra, said was necessary to establish residence. Moreover, there is no evidence in the record that Bartlett intended to make Van Zandt County his residence if he failed to obtain his license to practice law. Mr. Bartlett's testimony in this respect is as follows:

"Q And you don't mean to say that you had a definite and a fixed plan to come to Canton until after you had taken your Bar Exam and gotten your law license.

"A I had taken the Bar Examination the first part of October, sir.

"Q I say until your got your law license.

"A Well, I would have gotten my law license and knew I would get my law license the same time I graduated from law school.

"Q But you were not eligible to begin working until your law license was issued.

"A That is correct.

"Q And you were sworn in as an attorney.

"A That is correct.

"Q And you were sworn in as such attorney on December 10, 1963.

"A I believe that is the correct date.

"Q And that was the first day that you should be eligible to make a definite contract with anybody for the practice of law, is it not?

"A Yes sir."

We do not have before us the question of what is necessary to maintain a residence after once being established, but at what time was there a residence established in Van Zandt County by Mr. Bartlett. The question is did Bartlett establish his residence in Van Zandt County during his short visit there in October, 1963 or on December 16, 1963, when he was appointed assistant county attorney and by his first personal presence there with a fixed and permanent abode with intention of remaining there.

Webster's New Twentieth Century Dictionary, Unabridged Second Edition, defines "abode" as staying; a staying in a place; residence for a longer or shorter time; to dwell or reside; and defines "reside" as resided; residing; to remain behind; to reside; to dwell; to dwell perma-

nently or for a length of time; to have a settled abode for a time; to abide; to live (in or at).

Mr. Bartlett by his own testimony admits that he was not personally present in Van Zandt County in October, 1963, with a fixed and permanent abode, but on the other hand his testimony shows that he did not have a fixed and permanent abode in Van Zandt County, nor resided there until December 16, 1963.

Article 5.08 of the Election Code provides that the "residence" of a single man is where he usually sleeps at night; further providing that the residence of one who is a student of a school, college or university shall be construed to be where his home was before he became such student unless he has become a bona fide resident in the place where he is such student. As I construe this Article, under the record in this case his residence would either be in Harrison County where he lived immediately prior to entering Baylor University as a student, or in McLennan County where he was such student until he acquired a new residence in Van Zandt County in December, 1963.

All the testimony in this case shows that Bartlett has not resided in Van Zandt County six months prior to the primary election to be held on May 2, 1964, therefore, he has not complied with the residence requirement of Article 1.05 of the Election Code to be eligible to be a candidate for County Attorney of Van Zandt County in the primary election of May 2, 1964. The trial court should have granted plaintiff (appellant) the relief prayed for.

My brethren find no fault with the law as expressed in the authorities cited in this dissenting opinion as to the requirements necessary to the establishment of a residence but contend that it does not apply to a single man or a student. I have been unable to find any authority to this effect or has any been cited.

The majority opinion holds that mere presence in a locality coupled with an in-

tention to return at some indefinite time in the future to take up a place of abode for the first time, and that based on contingencies, is sufficient to establish a residence. With this I cannot agree. In Gallagher v. Gallagher, Tex.Civ.App., 214 S.W. 516, a captain in the military service of the United States filed suit for divorce in Bexar County, Texas. He first came, in company with his wife, to San Antonio, in 1915, remained in that place for over a year and was then sent with General Pershing's military expedition into Mexico, and returned to San Antonio in July, 1917, where he remained until he filed his petition for divorce on September 23, 1918. Appellee testified that he had for over a year intended to make San Antonio his permanent home as soon as he could retire, which would be in the year 1919. The court said:

> "While the plea to the jurisdiction was based alone on the proposition that appellee was a soldier, it placed the burden of showing that he had acquired a domicile in Bexar county by the 'clearest and most unequivocal proof.' In this he failed, for, giving absolute verity to all he stated, he had never acquired any domicile in Bexar county, but intended to do so at some indefinite time in the future."

The facts in the case before us are not as strong as those in the Gallagher case, even though he was not there voluntarily, in that the Captain was actually residing there at the time of the filing of his petition for divorce and had been for several months prior thereto at the time he said he formed his intention to make Bexar County his home.

I have not found any authority nor has any been cited holding that intention alone to acquire or create a new residence is, in advance of any character of actual residence, use or preparation, sufficient to do so. There are several authorities which I have cited holding to the contrary.

Appellees urge that Article 1.05 is in conflict with Article 332, Vernon's Ann.Civ.St.,

and thereby Article 332 controls. I cannot agree with this contention. Article 332 does not prescribe residence qualifications for County and District Attorneys and we do not find any conflict between the two statutes. Article 332 provides qualification for said offices and those elected to such offices shall "reside" in the district and county respectively for which they were elected. Article 1.05 contains requirements for a candidate to be eligible to be elected or appointed to any public office in this state.

The appellees further urge that the appellant has not proved that he is a proper person to bring this action as provided by Article 1.07 of the Election Code. This contention is without merit. The record before us reflects that appellee Robert Bartlett filed a plea in abatement, alleging that the suit should be abated for the reason that the plaintiff (appellant) does not have the capacity to sue; and without the joinder of the State of Texas, acting by and through its duly authorized and empowered agents and representatives, the same could not be maintained to challenge the rights of the defendant (Robert Bartlett). This plea was not sworn to as required by Rule 93 of of Texas Rules of Civil Procedure. An objection to the right or capacity of the plaintiff to sue or to his right to maintain the suit in the capacity in which he sues, should be raised by a plea in abatement supported by oath or affirmation. The failure to plead in abatement that the opposing party lacks the right to prosecute the action operates as an admission of authority to act in the capacity in which he appealed. Joy v. Joy, Tex.Civ.App., 156 S.W.2d 547; Jordan v. Madison, Tex.Civ.App., 250 S.W. 2d 228; Tex.Jur.2d p. 37, sec. 17. Further, it does not appear from the record before us that appellant presented his plea in abatement to the court for action thereon.

It is my opinion that this case should be reversed and rendered and appellant granted relief as prayed for. I respectfully enter my dissent.