# NO. 12-14-00021-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *KELLEY PEACOCK,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

This original mandamus proceeding concerns the March 4, 2014 Republican primary ballot in Cherokee County.   Relator Kelley Peacock is a candidate for Judge of the County Court at Law of Cherokee County and is presently the judge of that court.   She requests a writ of mandamus compelling respondent Jerry Rix, Chairman of the Cherokee County Republican Party, to declare Janice Crosby McKennon Stone ineligible to be a candidate for Judge of the County Court at Law of Cherokee County in this year's primary election.   We deny the petition.

### BACKGROUND

Stone filed an application for a place on the ballot for the March 4, 2014 Republican primary in Cherokee County.[1]   Her application shows that she seeks the office of Judge of the County Court at Law of Cherokee County.   Peacock filed an application for a place on the ballot seeking the same office.

In her application, which she signed on December 9, 2013, Stone states that she has resided in Cherokee County for two years and seven months.   Peacock informed Rix in writing that Stone is ineligible to be a candidate for the office because she cannot satisfy the two year residency

---

[1]   We take judicial notice that early voting by appearance begins on February 18, the primary election is on March 4, and the general election is on November 4, 2014.   *See City of Houston v. Todd*, 41 S.W.3d 289, 301 (Tex. App.–Houston [1st Dist.] 2001, pet. denied) ((judicial notice by appellate court appropriate for notorious, well known, or easily ascertainable facts).

requirement. She also provided Rix with certified copies of certain public records as "conclusive evidence" that Stone is ineligible. Peacock petitioned Rix to declare Stone ineligible and to not include her name on the ballot in the upcoming Republican primary. Rix responded by email informing Peacock that he "[chose] to make no decision on your Petition to declare Stone [ineligible] for residency reasons." Peacock then filed this original proceeding and a motion for expedited consideration.

## PREREQUISITES FOR MANDAMUS RELIEF

Texas Election Code Section 273.061 authorizes courts of appeals to issue writs of mandamus to compel the performance of any duty imposed by law in connection with holding an election. TEX. ELEC. CODE ANN. § 273.061 (West 2010). A duty placed on an officer of a political party by the Texas Election Code is enforceable by mandamus in the same manner as if the party officer were a public officer. *Id*. § 161.009 (West 2010).

The election code authorizes a county chair to declare a candidate in a primary election ineligible. *Id*. § 145.003(c) (West 2010). When the county chair is presented with a public record (other than the candidate's application for a place on the primary ballot) containing information pertinent to the candidate's eligibility, he must promptly review it. *Id*. § 145.003(g) (West 2010). If the chair determines that the record conclusively establishes ineligibility, he "shall" declare the candidate ineligible. *Id*. § 145.003(f)(2), (g) (West 2010). Peacock contends that Rix violated this duty because he declined to declare Stone ineligible after receiving public records from Peacock that conclusively establish Stone's ineligibility.

Before a writ of mandamus will issue, the relator must have a clear legal right to performance of the act she seeks to compel. *In re Link*, 45 S.W.3d 149, 151 (Tex. App.–Tyler 2000, orig. proceeding). Further, the duty of the officer sought to be compelled must be one clearly fixed and required by the law, or the writ will not issue. *Id*. at 151-52. We may not resolve factual disputes in a mandamus proceeding. *In re Jackson*, 14 S.W.3d 843, 848 (Tex. App.–Waco 2000, orig. proceeding).

## PRELIMINARY MATTERS

In her response to Peacock's petition, Stone asserts that this proceeding is moot because early voting by mail has begun. However, the county chair has until the beginning of early voting

2

by personal appearance to declare a candidate ineligible. *See* TEX. ELEC. CODE ANN. § 145.003(c) (West 2010). Early voting by personal appearance begins on February 18, 2014. Therefore, Rix's deadline for declaring a primary candidate ineligible has not expired, and Peacock's challenge to Stone's eligibility is not moot. *See id*.

Stone also contends that Peacock has failed to show this court what evidence she presented to Rix to establish Stone's ineligibility. The record in this proceeding contains a copy of Peacock's letter to Rix in which she asked him to declare Stone ineligible to be a candidate for Judge of the County Court at Law of Cherokee County. Peacock informed Rix that Stone is ineligible because she cannot satisfy the residency requirement and states in her letter that the following documents were attached to support her assertion:

1. "[A] certified copy of records from Williamson County, Texas, showing that Mrs. Stone has voted in an election in Williamson County within the two years preceding any election to which her candidacy is applicable"; and

2. "[A] certified record from the Williamson County Appraisal District showing that Mrs. Stone, whose prior married name was Janice Crosby McKennon, enjoyed a homestead exemption for the home she owned in Round Rock, Williamson County, Texas."

From these statements, we can determine that Peacock provided Rix an official statement of Stone's Williamson County voting history, and an official statement from the Williamson County Appraisal District that Stone's property in that county was subject to a homestead exemption.

In addition to the documents referred to in her letter to Rix, Peacock has provided this court with certified copies of Stone's application to the Williamson County Appraisal District for a homestead exemption, the District's appraisal of Stone's property, Stone's application to renew her notary commission, her Cherokee County voter registration record, and a written confirmation that Stone's Williamson County voter registration has been cancelled. We cannot determine that these documents were provided to Rix. Consequently, we do not consider them. *See **In re Cullar***, 320 S.W.3d 560, 566 (Tex. App.–Dallas 2010, orig. proceeding) (mandamus not available where relator failed to show public records were presented to appropriate authority as required by Section 145.003(g)); *cf., e.g., **In re Am. Optical Corp.***, 988 S.W.2d 711, 714 (Tex. 1998) (orig. proceeding) (per curiam) (declining to consider argument in mandamus proceeding that was not presented to the trial court).

3

We now turn to the merits of Peacock's petition.

**AVAILABILITY OF MANDAMUS**

The judge of a statutory county court, such as the County Court at Law of Cherokee County, must have resided in the county for at least two years before election or appointment. TEX. GOV'T CODE ANN. § 25.0014(2) (West Supp. 2013). Peacock contends that she has conclusively shown by public records that Stone's residence was somewhere other than Cherokee County for the required time period.

## Residence

The term "residence," as used in the election code, "means domicile, that is, one's home and fixed place of habitation to which one intends to return after any temporary absence." TEX. ELEC. CODE ANN. § 1.015(a) (West 2010). Residence must be determined in accordance with the common law rules as enunciated by the courts of this state, except as otherwise provided in the election code. *Id*. § 1.015(b) (West 2010).

This court has previously recognized that "[t]he term 'residence' is an elastic one, and difficult of precise definition." *Mills v. Bartlett*, 375 S.W.2d 940, 943 (Tex. Civ. App.–Tyler), *aff'd*, 377 S.W.2d 636 (Tex. 1964). "The meaning that must be given to it depends upon the circumstances surrounding the person involved and largely depends upon the present intention of the individual." *Mills v. Bartlett,* 377 S.W.2d 636, 637 (Tex. 1964). "Volition, intention[,] and action are all elements to be considered in determining where a person resides[,] and such elements are equally pertinent in denoting the permanent residence or domicile." *Id*. Whether a person resides in a particular county according to the election code definition is a question of fact. *See Jordan v. Overstreet*, 352 S.W.2d 296, 300 (Tex. App.–Beaumont 1961, writ dism'd); *see also Mills*, 375 S.W.2d at 943 (holding evidence sufficient to raise fact issue on whether residence was established in Van Zandt County).

## The Record

Peacock provided Rix an official statement of Stone's Williamson County voting history and an official printout from the Williamson County Appraisal District showing that Stone's homestead exemption is in effect for the 2014 tax year. Peacock contends that Stone's voter history conclusively shows her ineligibility because "[n]o other legal possibility existed on November 6, 2012, other than the conclusive fact that Stone was a resident of Williamson

4

County." She further urges that since Stone voted on November 6, 2012, she is two days short of the required length of residency.

Voting outside the county is a relevant and important fact to be considered in determining residence under the election code. *See Cramer v. Graham*, 264 S.W.2d 135, 138 (Tex. Civ. App.–San Antonio 1954, writ ref'd). However, Stone's voting history does not show that she voted on November 6, 2012. Instead, it contains a notation that the "Election Date" was November 6, 2012. Because Stone's voting history does not specify whether she voted during early voting or on the date of the general election, it does not establish that she voted in Williamson County on November 6, 2012. Therefore, Stone's voting history does not conclusively show that she resided in Williamson County on that date.

The document pertaining to Stone's Williamson County homestead exemption is equally inconclusive. A homestead designation may be relevant to resolution of a dispute concerning the person's residence for purposes of the election code. *See McDuffee v. Miller*, 327 S.W.3d 808, 820 (Tex. App.–Beaumont 2010, no pet.); *Cramer*, 264 S.W.2d at 138. However, no one factor is dispositive on the question of one's intended residence. *McDuffee*, 327 S.W.3d at 821. Therefore, we cannot say that the document verifying Stone's homestead exemption conclusively shows her ineligibility as a candidate for Judge of the County Court at Law.

#### CONCLUSION

At most, Stone's Williamson County voting history and the document verifying her 2014 Williamson County homestead exemption raise a fact issue concerning her residence for the relevant two year period. *See Mills*, 375 S.W.2d at 943. These documents do not, either considered separately or read together, conclusively establish that Stone is ineligible to be a candidate for Judge of the County Court at Law of Cherokee County. Consequently, Rix did not violate his statutory duty by declining to declare Stone ineligible as a candidate for that office. Accordingly, we *deny* Peacock's petition for writ of mandamus and *overrule* her motion for expedited consideration as *moot*.

SAM GRIFFITH
Justice

Opinion delivered January 29, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 29, 2014**

**NO. 12-14-00021-CV**

**KELLEY PEACOCK,**
Relator
**V.**
**JERRY RIX, CHAIR, REPUBLICAN PARTY**
**CHEROKEE COUNTY, TEXAS,**
Respondent

---

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Relator, **KELLEY PEACOCK**. Said petition for writ of mandamus having been filed herein on January 21, 2014, and the same having been duly considered, because it is the opinion of this court that a **writ of mandamus should not issue**, it is therefore CONSIDERED, ADJUDGED and ORDERED that Relator's motion for expedited consideration be overruled as **moot** and the said petition for writ of mandamus be, and the same is hereby **denied**.

It is further ORDERED that the Relator, **KELLEY PEACOCK**, pay all costs incurred by reason of this proceeding.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*