# NO. 12-20-00197-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *BARNEY DONALSON, JR.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Barney Donalson, Jr., acting pro se, filed this original proceeding to seek a writ of mandamus requiring Respondent to place Donalson's name on the ballot as a candidate for Canton City Council.[1] We deny the writ.

## BACKGROUND

According to his petition for writ of mandamus, Donalson is a minister employed by New Beginnings Fellowship Church of Houston, Texas. Donalson moved to Canton, Texas to operate a facility in Canton that the Church purchased for use as a worship center and homeless shelter.[2]

On January 16, 2020, Donalson signed an application to be placed on the City of Canton's general election ballot for a position on the city council. He swore that he had not been finally convicted of a felony for which he had not been pardoned or had his full rights of citizenship restored by other official action. On February 4, Respondent sent Donalson a letter, which states, "Pursuant to Section 145.003(i) of the Texas Election Code, I am sending you this written notice declaring you ineligible to run for City Council for the City of Canton, Texas. Accordingly, your name will not be placed on the ballot for the general election[.]" The letter explained that it had been brought to Respondent's attention that Donalson is a convicted felon.

---

[1] Respondent, Debra Johnson, is the secretary for the City of Canton, Texas. The City of Canton is the Real Party in Interest.

[2] The City sought and obtained a temporary injunction regarding the facility and Donalson appealed. That appeal is currently pending with this Court.

Specifically, in 1986, Donalson pleaded guilty to twelve counts of arson set forth in four indictments and was sentenced to fifty years in prison. The letter further states that Donalson was subsequently convicted of retaliation and attempted escape. Respondent stated, "I am not aware of you being pardoned by the Governor 'or otherwise released from the resulting disabilities.' Accordingly, you are ineligible as a candidate for office."

The general election is currently scheduled for November 3, 2020. Donalson filed this original proceeding on August 14.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). The Texas Supreme Court or an appellate court may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election. TEX. ELEC. CODE ANN. § 273.061 (West 2020). Before a writ of mandamus will issue, the relator must have a clear legal right to performance of the act he seeks to compel. *In re Peacock*, 421 S.W.3d 913, 916 (Tex. App.—Tyler 2014, orig. proceeding). Further, the duty of the officer sought to be compelled must be one clearly fixed and required by the law, or the writ will not issue. *Id*. We may not resolve factual disputes in a mandamus proceeding. *Id*.

## ENTITLEMENT TO MANDAMUS

Donalson contends that Respondent exceeded her ministerial duty by engaging in improper fact finding and declaring him ineligible to be placed on the ballot based solely on public records indicating that he is a convicted felon. He seeks a writ of mandamus ordering Respondent to place his name on the ballot.

### Delay in Filing Mandamus

Before reaching the merits of Donalson's complaint, we first address the delay between the February letter declaring him ineligible and his filing of this original proceeding.

Mandamus is an extraordinary remedy and not an absolute right. *See Rivercenter Assocs. v. Rivera,* 858 S.W.2d 366, 367 (Tex. 1993). "Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles." *Id*. "One such principle is that 'equity aids the diligent and not those who slumber on their rights.'" *Id*. (quoting *Callahan v.*

2

*Giles*, 137 Tex. 571, 576, 155 S.W.2d 793, 795 (1941)).  "Thus, delaying the filing of a petition for mandamus relief may waive the right to mandamus unless the relator can justify the delay." *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding) (per curiam).  Delay alone is insufficient; injury or prejudice must also be established.  *In re Mabray*, 355 S.W.3d 16, 22 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding).   Whether mandamus is barred by the delay is a question of fact that we determine by considering all the circumstances in each case.  *Id*. at 22-23.

Here, Donalson did not file his petition for writ of mandamus with this Court until August 14, 2020, just over six months from Respondent's February 4 letter.  Donalson offers no explanation as to why he did not file a petition for writ of mandamus with this Court at an earlier date.[3]  Nevertheless, Respondent also does not mention the delay and, consequently, asserts no allegation that she or the City would be harmed if we address the merits of Donalson's petition.  Additionally, the balloting materials for voting by mail shall be mailed to voters on or before the forty-fifth day before election day.  *See* TEX. ELEC. CODE ANN. § 86.004(b) (West 2020).  The election is scheduled for November 3, 2020; thus, balloting materials must be mailed by September 19.   *See id*.; *see also*  https://www.sos.state.tx.us/elections/laws/advisory2020-17.shtml#September19.  Accordingly, the forty-five-day deadline has not yet expired.  Under these circumstances, we will proceed with addressing the merits of Donalson's petition.

**Applicable Law**

To be eligible to be a candidate for, or elected or appointed to, a public elective office in this state, a person must have not been finally convicted of a felony from which the person has not been pardoned or otherwise released from the resulting disabilities.  TEX. ELEC. CODE ANN. § 141.001(a)(4) (West 2020); TEX. ATT'Y GEN. OP., No. KP-0251, 2019 WL 2283183, at *2 (2019) (Section 141.001(a)(4) "recognizes only two methods for a convicted felon to be eligible to hold public office: a pardon or being released from the disability to hold public office").  When presented with an application for a place on the ballot or another public record containing information pertinent to a candidate's eligibility, the appropriate authority, in this case the Canton City Secretary, shall promptly review the record.  TEX. ELEC. CODE ANN. §§ 143.006(a), 145.003(g) (West 2020). A candidate may be declared ineligible only if: (1) the information on

---

[3] We recognize that the COVID-19 pandemic began during the six months preceding the filing of this original proceeding.  This Court, however, remained open to accept filings.  Thus, we are unaware of any reason why the pandemic would have prevented Donalson from pursuing mandamus relief at an earlier date.

the candidate's application for a place on the ballot indicates that the candidate is ineligible for the office; or (2) facts indicating that the candidate is ineligible are conclusively established by another public record. *Id*. § 145.003(f). "[P]ublic records must leave no factual dispute concerning the conclusiveness of ineligibility." **Tex. Democratic Party v. Benkiser**, 459 F.3d 582, 592 (5th Cir. 2006). If the authority determines that the record establishes ineligibility, the authority shall declare the candidate ineligible and shall promptly give written notice of the declaration of ineligibility to the candidate. TEX. ELEC. CODE ANN. § 145.003(g), (i).

In a mandamus proceeding, we look solely to the public records that were before the authority and the statutes governing eligibility to determine whether mandamus relief is warranted. *See In re Wooten*, No. 05-19-01499-CV, 2019 WL 6728376, at *2 (Tex. App.—Dallas Dec. 11, 2019, orig. proceeding) (mem. op.) (per curiam). "To the extent there are any factual disputes as to a candidate's eligibility, they must be resolved in accordance with the comprehensive statutory regime governing injunctive relief to prevent violations of the Election Code, rather than in a mandamus proceeding." *Id*.; *see* TEX. ELEC. CODE ANN. § 273.081 (West 2020) ("A person who is being harmed or is in danger of being harmed by a violation or threatened violation of this code is entitled to appropriate injunctive relief to prevent the violation from continuing or occurring").

## Analysis

The mandamus record demonstrates that on January 31, 2020, the Canton City Attorney emailed several appellate court cases, involving Donalson, to Respondent. Those cases demonstrate that Damon Downs, also known as Donalson, pleaded guilty to twelve counts of arson and was effectively sentenced to fifty years in prison. *See Downs v. State*, Nos. C14-86-00339-CR, A14-86-00340-CR, B14-86-00341-CR, C14-86-00342-CR, 1987 WL 10549, at *1 (Tex. App.—Houston [14th Dist.] May 7, 1987, no writ) (op., not designated for publication); *see also Donalson v. State*, Nos. 14-08-00496-CR, 14-08-00497-CR, 14-08-00498-CR, 14-08-00499-CR, 2008 WL 2574432, at *1 (Tex. App.—Houston [14th Dist.] June 26, 2008, no pet.) (mem. op., not designated for publication) (per curiam). The Fourteenth Court of Appeals affirmed his convictions. *Downs*, 1987 WL 10549, at *1; *see Donalson*, 2008 WL 2574432, at *1. Donalson subsequently sued his trial counsel, but the trial court dismissed the lawsuit. *See Donalson v. Martin*, No. 14-01-00977-CV, 2003 WL 22145667, at *1 (Tex. App.—Houston [14th Dist.] Sept. 18, 2003, no pet.) (mem. op. on reh'g). On appeal, the Fourteenth Court of

4

Appeals held that dismissal was appropriate because Donalson had no arguable basis in law for his fraud claims against counsel, given that he had not been exonerated of his crime through direct appeal or postconviction relief. *Id*. at *4. In addition to the arson convictions, Donalson has been convicted of retaliation and attempted escape. *See Donalson ex rel. Donalson v. Eason*, No. Civ.A. 1:02-CV-220-C, 2003 WL 21281656, at *1 (N.D. Tex. May 29, 2003) (order) (recognizing that Donalson is in the custody of TDCJ "pursuant to state court convictions and sentences imposed in 1986 for the felony offenses of arson, retaliation, and attempted escape"); *see also Downs v. State*, No. 01-02-00252-CR, 2002 WL 1481250, at *1 (Tex. App.—Houston [1st Dist.] July 11, 2002, no pet.) (mem. op., not designated for publication) (per curiam); *Downs v. State*, No. 01-86-00811-CR, 1987 WL 8744, at *1 (Tex. App.—Houston [1st Dist.] Apr. 2, 1987, no writ) (op.; not designated for publication). In 2008, Donalson attempted to appeal from the denial of his application for writ of habeas corpus, in which he maintained that his sentences for the arson convictions were discharged on November 20, 2005 and sought habeas relief from the collateral consequences of his convictions. *Donalson*, 2008 WL 2574432, at *1. The Fourteenth Court of Appeals dismissed the appeals. *Id*.

These appellate court opinions constitute public records. *See* TEX. GOV'T CODE ANN. § 552.022(a)(12) (West 2012) ("final opinions, including concurring and dissenting opinions, and orders issued in the adjudication of cases" is a category of public information); *see also MasterGuard, L.P. v. Eco Tech. Int'l, L.L.C.*, 441 S.W.3d 367, 371 (Tex. App.—Dallas 2013, no pet.). According to Donalson, however, these records do not conclusively establish his ineligibility, specifically with respect to whether he has been pardoned or otherwise released from the resulting disabilities of his convictions. To support his contention, he cites *Jefferson-Smith v. City of Houston*, No. 01-20-00136-CV, 2020 WL 4589745 (Tex. App.—Houston [1st Dist.] Aug. 11, 2020, no pet. h.) (mem. op.).

Jefferson-Smith sought to prevent her opponent, Bailey, from participating in the run-off election based on the contention that Bailey was a convicted felon and ineligible to hold a position on the Houston City Council. *Jefferson-Smith*, 2020 WL 4589745, at *1. On appeal, Jefferson-Smith argued that the outcome of the election was affected because an election official, the Mayor of Houston, made a "mistake" by refusing to administratively declare Bailey ineligible and that, consequently, illegal votes were cast and counted for Bailey. *Id*. at *3. This contention required the appellate court to decide whether the trial court abused its discretion in

5

finding that Jefferson-Smith failed to present the Mayor's Office with a "public record" that "conclusively established" that Bailey was ineligible to serve on the Houston City Council. *Id*. The First Court of Appeals explained that "if the documentation presented to the election official leaves a fact question to be determined, the fact at issue has not been 'conclusively established.'" *Id*. at *4.

Jefferson-Smith had presented the following documents to show Bailey's ineligibility:

> (1) A 2007 Judgment showing that Bailey was convicted of first-degree felony theft;
> (2) Bailey's affidavit, which she filed in conjunction with her Application for a Place on the City of Houston November 5, 2019 General Election Ballot, asserting that she had not "been finally convicted of a felony for which I have not been pardoned or had my full rights of citizenship restored by other official action."
> (3) Bailey's affidavit from the parallel injunction proceeding, in which Bailey stated: "I acknowledge that I was convicted of a felony but my disability has been removed based upon me completing my sentence and having my voting rights restored";
> (4) a May 22, 2019 Attorney General Opinion, which opines that "the automatic restoration of the right to vote to a convicted felon through the completion of his or her sentence does not also restore his or her eligibility to hold public office"; and
> (5) Bailey's file from the Texas Department of Criminal Justice.

*Id*. In reviewing these documents, the appellate court stated that the first document conclusively established that Bailey has a felony conviction, but failed to address whether she had "not been pardoned or otherwise released from the resulting disabilities." *Id*. The second document, on its face, showed that Bailey had *not* "been finally convicted of a felony for which I have not been pardoned or had my full rights of citizenship restored by other official action." *Id*. The court explained that, even if erroneous, the document would not conclusively establish Bailey's ineligibility and, at best, it contradicted Jefferson-Smith's assertion of Bailey's ineligibility. *Id*. The third document again established that Bailey is a convicted felon, and added the information that she completed her sentence and had her voting rights restored, but said nothing about whether Bailey had "been pardoned or otherwise released from the resulting disabilities." *Id*. at *5. The fourth document established only that the completion of a sentence and the restoration of voting rights after a felony conviction did not also show one's eligibility to hold public office. *Id*. The court stated, "This document, even if we accept its legal conclusion, says nothing about Bailey and whether she has 'been pardoned or otherwise released from the resulting disabilities.'" *Id*. And the fifth document showed nothing more than Bailey's felony conviction. *Id*. The First Court concluded that none of these records conclusively established that Bailey had

6

"been finally convicted of a felony from which the person has not been pardoned or otherwise released from the resulting disabilities" because, while the documents established that she is a convicted felon, they do not address whether she has "been pardoned or otherwise released from the resulting disabilities." *Id*. Consequently, a fact question existed as to whether Bailey had been pardoned and the Mayor had no authority to consider that question. *Id*.

The court declined Jefferson-Smith's request that it consider admissions by Bailey that she had never sought a pardon, which she made during a parallel injunction proceeding. *Id*. at *6. This was because notice to the City of Houston's attorneys in a separate injunction proceeding is not sufficient notice to the election official, i.e., the Mayor, in an administrative, non-judicial procedure for disqualification. *Id*.

According to the appellate court, "[b]ecause fact-finding is often required to determine whether a contestee has been pardoned, an injunction may be [a] more appropriate vehicle in which to challenge a candidate's ineligibility based on a felony conviction rather than by administrative declaration of ineligibility." *Id*. at *5. By pursuing an administrative declaration of ineligibility, Jefferson-Smith chose a vehicle that permitted no fact-finding. *Id*. The appellate court held that because the documents that Jefferson-Smith presented to the Mayor's Office presented a fact question—whether Bailey has been pardoned or otherwise relieved of her disabilities—that the Mayor had no authority to resolve, the Mayor had no "duty imposed by law" to declare Bailey ineligible and made no "mistake" in declining to do so. *Id*. at *6. Thus, the trial court did not abuse its discretion in denying Jefferson-Smith's election contest, which rested on her assertion that the Mayor had made such a "mistake." *Id*.

Unlike in ***Jefferson-Smith***, the public records in this case do contain evidence conclusively establishing that Appellant has not been pardoned or otherwise released from the resulting disabilities. In affirming the dismissal of Donalson's lawsuit against his trial counsel, the Fourteenth Court of Appeals expressly recognized that "Nowhere in his pleadings does [Donalson] purport that he has been exonerated of guilt through direct appeal or collateral attack on the conviction." ***Donalson***, 2003 WL 22145667, at *3. Because Donalson had not been "exonerated of his crime through direct appeal or post conviction relief," his claims against trial counsel had no arguable basis in law. *Id*. at *3-4. And while Donalson attempted to appeal from the denial of his request for habeas relief from the collateral consequences of his arson convictions, those appeals were dismissed in 2008. ***Donalson***, 2008 WL 2574432, at *1.

7

Donalson, however, contends that Respondent ignored other public records subsequent to 2008, such as his certificate of discharge from the Texas Department of Criminal Justice and a hearing at which he was "granted restoration of his civil rights for purposes of continuing governmental employment."[4]   Completing one's sentence does not amount to release from resulting disabilities.  *See **Rubio v. Campirano***, No. 13-08-00345-CV, 2011 WL 1745186, at \*5 (Tex. App.—Corpus Christi Mar. 17, 2011, pet. denied) (mem. op.); *see also* TEX. ATT'Y GEN. OP., No. KP-0251, 2019 WL 2283183, at \*2 (Section 141.001(a)(4) does not "automatically restore a convicted felon's eligibility to hold public office upon the completion of the individual's sentence").  And with respect to the hearing, Donalson did not provide this Court with either a record of that hearing or an order demonstrating that he has been released from the disability to hold public office.  As the party seeking mandamus relief, Donalson bears the burden of demonstrating his entitlement to the relief requested, which includes providing this Court with a sufficient mandamus record.  *See **Walker v. Packer***, 827 S.W.2d 833, 837 (Tex. 1992); *see also **In re Fox River Real Estate Holdings, Inc.***, 577 S.W.3d 555, 558 (Tex. App.— Houston [14th Dist.] 2018, orig. proceeding) (per curiam); ***In re Blakeney***, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

In our review on mandamus, we are constrained to the limited mandamus record before us and we are not permitted to expand the record by embarking on a fact finding mission, nor are we to engage in speculation as to whether facts outside the record could exist that would impact Donalson's eligibility.  *See **Wooten***, 2019 WL 6728376, at \*2.  Because the public records that were before Respondent conclusively establish that Donalson has not been pardoned or otherwise released from the disability of holding office, Respondent was required to declare Donalson ineligible and is under no duty to place his name on the ballot.  *See* TEX. ELEC. CODE ANN. §§ 141.001(a)(4), 145.003(g).   Accordingly, Donalson has no clear legal right to performance of the act he seeks to compel.  *See **Peacock***, 421 S.W.3d at 916.

---

[4] An individual convicted of certain *federal* offenses and offenses under the laws of *another country* may submit an application for restoration of any civil rights forfeited under the laws of Texas as a result of the conviction.  TEX. CODE CRIM. PROC. ANN. art. 48.05 (West 2018).  Additionally, "[i]n all criminal cases, except treason and impeachment, the Governor shall have power, after conviction or successful completion of a term of deferred adjudication community supervision, on the written signed recommendation and advice of the Board of Pardons and Paroles, or a majority thereof, to grant reprieves and commutations of punishments and pardons; and upon the written recommendation and advice of a majority of the Board of Pardons and Paroles, he shall have the power to remit fines and forfeitures."  *Id*. art. 48.01(a) (West 2018).

## DISPOSITION

Because Donalson has not shown himself entitled to mandamus relief, we ***deny*** his petition for writ of mandamus. Because of the time constraints on this action, we will entertain no motion for rehearing.

**BRIAN HOYLE**
Justice

Opinion delivered September 9, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 9, 2020**

**NO. 12-20-00197-CV**

**BARNEY DONALSON, JR.,**
Relator
V.

**DEBRA JOHNSON,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Barney Donalson, Jr.; who is the relator in appellate cause number 12-20-00197-CV. Said petition for writ of mandamus having been filed herein on August 14, 2020, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*