# NO. 12-22-00063-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *BARNEY JOE DONALSON, JR.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
### PER CURIAM

Barney Joe Donalson, Jr., acting pro se, filed this original proceeding in which he seeks a writ of mandamus instructing Respondent to restore Donalson's access to the Facebook page of "Van Zandt District Judge Chris Martin."[1] We deny the writ.

Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court. TEX. GOV'T CODE ANN. § 22.221(a) (West Supp. 2021). But "[m]andamus is intended to be an extraordinary remedy, available only in limited circumstances." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). "The writ will issue 'only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies.'" *Id*. (quoting *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex. 1989) (orig. proceeding); *In re Murrin Bros. 1885, Ltd*, 603 S.W.3d 53, 57 (Tex. 2019) (orig. proceeding).

Donalson argues that Respondent abused his discretion and violated Donalson's First Amendment rights by deleting "critical comments" and blocking Donalson's access to the Facebook page for "Van Zandt District Judge Chris Martin." He cites *Davison v. Randall*, 912 F.3d 666 (4th Cir. 2019) to support his position. In that case, however, Davison had filed a complaint seeking declaratory and injunctive relief under Section 1983 of the United States Code when a government official banned Davison from commenting on her official Facebook page.

---

[1] Respondent is the Honorable Chris Martin, Judge of the 294th District Court in Van Zandt County, Texas. There appears to be no Real Party in Interest and there is no underlying proceeding.

*Id*. at 676. The filing of such a complaint is an example of a remedy available for pursuing the type of grievance that Donalson asserts. Additionally, the State Commission on Judicial Conduct is the agency that administers judicial discipline.[2] TEX. GOV'T CODE ANN. § 33.002(a-1) (West Supp. 2021). The Commission's authority includes review of complaints charging a judge "with willful or persistent violation of rules promulgated by the Supreme Court of Texas, incompetence in performing the duties of the office, willful violation of the Code of Judicial Conduct, or willful and persistent conduct that is clearly inconsistent with the proper performance of his duties or casts public discredit on the judiciary or on the administration of justice." TEX. CONST. art. 5 § 1-a(6); *see* TEX. GOV'T CODE ANN. § 33.0211(a) (West Supp. 2021) (requiring Commission to maintain a file on each written complaint filed with the Commission). We cannot conclude that Donalson's complaint is the type of extraordinary issue that requires resolution by mandamus; rather, it is more appropriately addressed by other available remedies. Nor is a writ necessary to enforce this Court's jurisdiction.

Moreover, we may not resolve factual disputes in a mandamus proceeding. *In re Peacock*, 421 S.W.3d 913, 916 (Tex. App.—Tyler 2014, orig. proceeding); *see In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding). Whether Respondent deleted Donalson's comments, blocked Donalson from commenting on or accessing the "Van Zandt District Judge Chris Martin" Facebook page and, if he did, whether those actions were proper are factually driven inquiries over which this Court cannot conduct mandamus review.

Accordingly, for the above reasons, we conclude that Donalson has not shown himself entitled to mandamus relief at this juncture. We *deny* Donalson's petition for writ of mandamus.

Opinion delivered April 6, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] Donalson is aware of this procedure, as he states in his petition that he filed an ethics complaint against Respondent with the Commission, but according to Donalson, this complaint is related to a specific post on Respondent's Facebook page that Donalson contends amounts to harassment and public embarrassment of litigants.

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 6, 2022

NO. 12-22-00063-CV

**BARNEY JOE DONALSON, JR.,**
Relator
V.

**HON. CHRIS B. MARTIN,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Barney Joe Donalson, Jr.; who is the relator in appellate cause number 12-22-00063-CV. Said petition for writ of mandamus having been filed herein on March 31, 2022, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*