**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 30, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00646-CV

---

## IN RE FOX RIVER REAL ESTATE HOLDINGS, INC., M. BUCKNER BACCUS, DANIEL T. COOPER, ROSS M. CUMMINGS, WARREN DEMAIO, BRUCE F. DICKSON, KEITH K. DICKSON, EUGENE A. FROST, JR., MARK A. FROST, AND AUGUST J. PELLIZZI, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**21st District Court**
**Washington County, Texas**
**Trial Court Cause No. 36434**

---

## MEMORANDUM OPINION

On July 31, 2018, relators Fox River Real Estate Holdings, Inc., M. Buckner Baccus, Daniel T. Cooper, Ross M. Cummings, Warren Demaio, Bruce F. Dickson, Keith K. Dickson, Eugene A. Frost, Jr., Mark A. Frost, and August J. Pellizzi filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221

(West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relators ask this court to compel the Honorable Carson Campbell, presiding judge of the 21st District Court of Washington County, to vacate the June 28, 2018 order transferring the case to Harris County. We deny the petition for writ of mandamus.

## Background

Relators are limited partners in Metropolitan Water Company, L.P. (Met Water), whose primary business is to acquire groundwater leases in Burleson and Milam counties for the purpose of selling groundwater for municipal use. Relators sued Scott Carlson, Metropolitan Water Company of Texas, LLC (Met Water Texas) and Met Water Vista Ridge, L.P. (Met Water VR) (collectively "real parties") in Washington County. Relators alleged that Carlson, as the general partner of Met Water Texas, improperly transferred certain groundwater leases, property, assets, and benefits from Met Water. The live pleading attached to the petition alleges that Carlson:

> has used his ownership and control of Defendant Met Water Texas GP to breach multiple contractual obligations, statutory and common law obligations, and fiduciary duties owed to Plaintiffs as limited partners of Met Water for his personal financial benefit, and to transfer property, funds, interests and assets of Met Water to himself and/or other entities that he owns and/or controls, including Met Water Texas GP and Met Water Vista Ridge.

The pleading also alleges that Carlson, Met Water Texas, and Met Water VR constitute a single business enterprise.

In the underlying suit, relators seek "permanent injunctive relief to remove [Carlson], to void the transfer of assets or property wrongfully taken from Met

2

Water, to force the Defendants to disgorge assets or property wrongfully taken from Met Water, [and] to prevent the Defendants from further self-dealing[.]" Relators also seek "monetary relief over $1,000,000.00."

Real parties moved to transfer venue to Harris County pursuant to a mandatory forum selection clause in the parties' contract. The clause provides:

> 12.06 Governing Law and Venue. This Agreement is to be governed and construed according to the laws of the State of Texas without regard to conflicts of law. The proper venue for resolution of any dispute related to this Agreement is only in Harris County, Texas.

Relators responded, arguing that venue is mandatory in Washington County pursuant to section 65.023(a) of the Texas Civil Practice and Remedies Code, which provides:

> (a) Except as provided by Subsection (b), a writ of injunction against a party who is a resident of this state shall be tried in a district or county court in the county in which the party is domiciled. If the writ is granted against more than one party, it may be tried in the proper court of the county in which either party is domiciled.

It is undisputed that the real parties are domiciled in Washington County. On June 28, 2018, the trial court granted the real parties' motion to transfer venue to Harris County.

**Mandamus Standard**

A party seeking to enforce a mandatory venue provision is not required to prove the lack of an adequate appellate remedy, but is required only to show that the trial court abused its discretion. *In re Mo. Pac. R.R. Co.*, 998 S.W.2d 212, 216 (Tex. 1999) (orig. proceeding). A trial court has no discretion in determining what the law

3

is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion by failing to analyze or apply the law correctly. *Id*. As the party seeking relief, the relator bears the burden of demonstrating entitlement to mandamus relief. *Id*. at 837. In analyzing the application of venue statutes, we will use a common-sense examination of the substance of the claims to determine whether the statute applies. *See In re Fisher*, 433 S.W.3d 523, 530 (Tex. 2014).

## Forum Selection Clause

Assuming, without deciding, that section 65.023 applies to the relators' pleadings, we turn to the question of whether the parties' forum selection clause controls over section 65.023 of the Texas Civil Practice and Remedies Code. Section 15.020 of the Texas Civil Practice and Remedies Code provides that in an action arising from a major transaction, venue is controlled by the forum selection clause in the parties' contract. Real parties argue that under section 15.020(c)(2), an action arising from a "major transaction" may not be brought in a county if the party bringing the action has agreed in writing that an action arising from the transaction must be brought in another Texas county. Because the parties' agreement contains a mandatory venue provision requiring venue in Harris County, real parties argue venue must be in Harris County.

Relators do not challenge real parties' assertion that the action arises out of a major transaction. Relators rely on their claim that section 65.023 is a mandatory venue provision that controls over section 15.020.

In *Fisher*, the supreme court faced two competing mandatory venue provisions in which section 15.020 conflicted with section 15.017 requiring

4

mandatory venue in a defamation case. 433 S.W.3d at 533–34. The causes of action concerned both a "major transaction," requiring venue in the county on which the parties had agreed in writing, *see* Tex. Civ. Prac. & Rem. Code § 15.020(c), and defamation, requiring venue in the home county of the plaintiff or the defendant, *see id.* § 15.017. In that case, the supreme court noted that section 15.020 included language stating that it was to apply "[n]otwithstanding any other provision of this title." *Id.* § 15.020(c). Therefore, the court held that the parties' forum selection clause controlled over the mandatory venue statute in section 15.017. Referring to section 15.020, the court in *Fisher* held "that the Legislature intended for it to control over other mandatory venue provisions." *Fisher*, 433 S.W.3d at 534.

Following the logic of the supreme court, the parties' forum selection clause controls over the otherwise mandatory venue provision of section 65.023. The trial court followed the supreme court's interpretation of section 15.020 in enforcing the parties' forum selection clause. To obtain mandamus relief, relators generally must show that the trial court clearly abused its discretion. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relators have not shown that the trial court abused its discretion.

We therefore deny relators' petition for writ of mandamus.


PER CURIAM

Panel consists of Justices Boyce, Christopher, and Busby.