SNYDER v. SNYDER.  (No. 7494.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 27, 1926.)

1. Divorce ⬥93(3)—General allegation as to cruelties held insufficient to support divorce judgment.

General allegations by wife as to husband's excesses and cruelties, which did not set up nature of such cruelties, except that husband said he did not love her and had after marriage held himself out as a single man, *held*, insufficient upon which to base judgment of divorce.

2. Divorce ⬥93(3)—Incompatibility and bad treatment before marriage no basis for divorce.

General allegations by wife as to incompatibility and bad treatment of husband before marriage cannot form basis for divorce.

3. Divorce ⬥165(3)—Judgment of divorce resulting from fraud will be set aside.

Where husband, with no ground for divorce, filed suit, then by threats and false representations induced wife to file cross-action, and divorce was granted wife in 10-minute trial in which husband did not appear, but furnished attorneys for both sides, such divorce will be set aside for fraud and collusion.

4. Divorce ⬥62(1) — Baseball player's residence held not affected by absence during playing season.

Residence of baseball player was in county where he was born and reared and in which he owned property, so that he could sue for divorce there, though he spent summer months playing ball away from state.

5. Divorce ⬥165(3)—Rigorous rules applying in setting aside judgment not applicable to divorce induced by threats.

Rigorous rules of conduct demanded of ordinary litigant seeking to reopen cause and set aside judgment after term has closed cannot be applied to wife who had been lead by threats and promises to seek divorce, which she did not desire, but which husband used her to obtain for him.

**6. Divorce ⬦▭165(3)—Insufficient allegations in divorce suit sufficient to set aside judgment.**

Where husband by his petition and wife by cross-action both sought divorce and wife was successful, fact that allegations in neither petition nor cross-action were sufficient to sustain divorce was ground for setting aside judgment.

Appeal from District Court, Bexar County; Wm. S. Anderson, Judge.

Suit by Edna Snyder against Frank Snyder to set aside a divorce judgment. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Douglas & Carter, of San Antonio, for appellant.

John F. Onion, Jr., of San Antonio, for appellee.

FLY, C. J. This is a suit by appellant to set aside a judgment of divorce granted her on a cross-action filed by her in a suit for divorce by appellee against her. The suit for divorce was filed on November 2, 1922, and the cross-action was filed on December 5, 1922. On December 11, 1922, after a trial lasting probably 10 minutes, a divorce was denied appellee on his petition for the same and a divorce granted appellant on her cross-action. On March 26, 1923, the petition in the present case was filed, in which appellant sought to set aside the judgment of divorce on the grounds that Frank Snyder had not been an inhabitant of Texas for twelve months, nor a resident of Bexar county for six months, preceding the time of filing the suit, and that he had fraudulently induced her to file a cross-action for divorce on a threat that, while the petition he had filed was insufficient to form the basis for a divorce, he would amend it and allege scandalous matters against her if she did not file such cross-action, and further if she would file the same the court would provide, in the judgment of divorce granted her, for the support and maintenance of herself and child. She alleged that she then had her attorneys to prepare the cross-action, and after a strenuous trial lasting for 10 minutes she was granted a divorce from appellant, but did not see the decree, but thought it contained the provision for maintenance and support, and did not investigate the same until appellant refused to pay her anything for her support, "whereupon she made an investigation to determine the provisions of said decree, and upon examination of same a few days ago she became aware of the fact that said decree made no provision whatever for the support and maintenance of either herself or her said infant child."

[1] The facts in this case show that neither the original petition nor the pleading setting up a cross-action present sufficient allegations upon which to base a decree of divorce. Both are vague, general, and uncertain in their allegations, and the court so held as to the petition. In the cross-action it is alleged that defendant committed his excesses and cruelties in 1921, during the marital relation, not setting up the nature of the cruelties, except that appellant said he did not love her and had after marriage held himself out as a single man. The allegations were totally insufficient upon which to base a judgment of divorce. If she swore to every allegation in her cross-action, she was not entitled to a divorce. She alone testified.

The facts in this case show that the allegations were false, because appellant and appellee were not married until May, 1922, just a few days before the birth of the baby, and never cohabited with each other after the marriage. It is clear, as testified by appellant, that the cross-action was the scheme of appellee to obtain a divorce which he could not obtain by his petition. He was not present at the trial; only appellant, two attorneys, and the trial judge being present. Appellant did not employ any attorney, but appellee employed and paid the attorney for appellant. In fact, he furnished the attorneys for both sides. If he had not arranged for the divorce through a cross-action, in the very nature of things appellee would have been present at the trial to have testified.

The evidence indicates that appellee desired to legitimatize his child by marrying the mother just before it was born, which was a laudable act; but he ever afterwards refused to live with her as his wife.

[2, 3] The facts on the last trial show beyond a doubt that the general allegations as to incompatibility and bad treatment in 1921 were before the marriage and could not have formed the basis for a divorce. The evidence discloses a plain case of fraud, and the trial court should have set aside the judgment.

[4] The allegations as to Bexar county not being the residence of appellee cannot be sustained. Appellee was born and reared in San Antonio and owned property in that city. He was a baseball player attached to the New York Giants, a noted ball team, and spent his summer months in the North, in the baseball season playing with his team, but came to San Antonio. He had the legal right to sue for a divorce in Bexar county, Tex.

[5] The rules ordinarily to parties seeking to reopen a cause and set aside a judgment after the term has closed cannot be applied in their rigor to a wife who has been led by threats and promises to seek a divorce, which she did not desire, but which the husband used her to obtain for him. Under the circumstances, she will not be held to the same rigorous rule of conduct demanded of the ordinary litigant. The facts in Guerra v. Guerra (Tex. Civ. App.) 213 S. W. 360, do not

fit this case. The suit to set aside the judgment was promptly instituted as soon as appellant learned that the judgment was not as agreed.

[6] Because the original suit for divorce was fraudulent and the result of collusion between the parties, and because the allegations in neither petition nor cross-action were sufficient to sustain a divorce, the last judgment is reversed, the judgment of divorce is set aside, and the cause remanded for action in the original suit.