**J. Alton MILLS, Petitioner,**

**v.**

**Robert Franklin BARTLETT et al.,**
**Respondents.**

**No. A–10044.**

Supreme Court of Texas.

April 8, 1964.

W. Ernest West, Canton, for petitioner.

Wynne & Wynne, Wills Point, Clyde El-liott, Jr., Canton, Enoch Fletcher, Grand Saline, for respondents.

CULVER, Justice.

This suit is brought by petitioner, J. Alton Mills, himself a candidate for the office of County and Criminal District Attorney of Van Zandt County, praying for an injunction to restrain the Democratic Executive Committee of that county from placing the name of the respondent, Robert Franklin Bartlett, on the Democratic ballot as a candidate for County Attorney and Criminal District Attorney for Van Zandt County. He alleged that Bartlett does not meet the residential requirements of Art. 1.05 of the Election Code, as amended by the 58th Legislature, V.A.T.S., for a candidate for this office at the Democratic Primary May 2, 1964, namely, that to be eligible the candidate shall have resided in the county for six months next preceding the date of the Primary. The district court denied the injunction, impliedly holding that Bartlett did fulfill the statutory requirement. The Court of Civil Appeals affirmed by a divided court. 375 S.W.2d 940. We hold that there is probative evidence to sustain the implied finding of the trial court.

Bartlett is a single man 27 years of age and for the last few years has been a

student in Baylor University at Waco. Prior thereto he resided with his parents in Marshall, Texas. He took the examination for admission to practice law early in October of 1963. About the 15th of that month he went to Canton in Van Zandt County and entered into an agreement with Mr. Grisham, the County Attorney, that they would form a partnership for the practice of civil law in Van Zandt County; that he would return to Canton as soon as he had gotten his law degree from Baylor University and at that time would also be appointed Assistant County Attorney. Bartlett declared then and there that it was his intention to become a resident of Van Zandt County. He spent the night in a nearby town outside of that county but the next day returned and again discussed these matters with Mr. Grisham. Back at Waco he told his roommates that he had chosen Van Zandt County as his place of residence. He then informed an attorney in Marshall, with whom he had contemplated associating himself in the practice, of his plans and that Van Zandt County was now his place of residence. He received his degree from the law school in November and was sworn in as an attorney shortly thereafter. He then returned to Van Zandt County on December 16, 1963, was appointed Assistant County Attorney for Van Zandt County and entered into the practice.

Article 5.08 of the Election Code provides that the residence of a single man is where he usually sleeps at night but if he is a student at a college or university then, unless he has become a bona fide resident of the county in which he is a student, his residence shall be construed to be where his home was before he became a student.

It is not contended that Bartlett ever became a resident of Waco where he attended college. His residence, therefore, is either in Marshall, Harrison County, or Van Zandt County.

■ The term "residence" is an elastic one and is extremely difficult to define. The meaning that must be given to it depends upon the circumstances surrounding the person involved and largely depends upon the present intention of the individual. Volition, intention and action are all elements to be considered in determining where a person resides and such elements are equally pertinent in denoting the permanent residence or domicile. Owens v. Stovall, Tex. Civ.App., 64 S.W.2d 360, writ refused; Prince v. Inman, Tex.Civ.App., 280 S.W. 2d 779, no writ history; In re Garneau, 7 Cir., 127 F. 677, 679.

■ Petitioner contends that one's residence cannot be determined by intention alone. With this we agree, but Bartlett's residence is not being determined solely by his intentions. He not only went to Van Zandt County but while there entered into a binding contract of law partnership as well as of employment with Mr. Grisham as Assistant County Attorney and to all intentions and purposes decided and declared that Van Zandt County would be the county of his residence from that time forward. Neither bodily presence alone nor intention alone will suffice to create the residence, but when the two coincide at that moment the residence is fixed and determined. There is no specific length of time for the bodily presence to continue. Here there was combined volition, intention and action. When Bartlett left Canton it was for a temporary absence with a fixed intention to return.

In Linger v. Balfour, Tex.Civ.App., 149 S.W. 795, no writ history, the question was raised as to whether Atkinson, a single man, had resided in Oldham County for the last preceding six months preceding the election so as to qualify him as a voter. He was a native of Milam County and a student. During vacation time he came to Vega and declared his intention of becoming a resident of that community. After a short stay he went to the University at Austin and was enrolled in the law department. At the time of the general election he returned to Vega for the purpose of voting. The Court of Civil Appeals went so far as to hold that even under those circumstances he was a

resident of Oldham County and qualified to vote.

On May 2nd next Bartlett will have been actually present and living in Van Zandt County continuously for more than four and one-half months. Once the residence is established in Van Zandt County Bartlett's temporary absence of a few weeks for the purpose of finishing his law course and obtaining his degree at Baylor would be immaterial.

The statutes make a similar requirement for the maintenance of a divorce action in that a petitioner shall have resided in the county for six months next preceding the filing of a suit. Art. 4631. But temporary absence from that county during the six months preceding will not affect the right to maintain the suit. Haymond v. Haymond, 74 Tex. 414, 12 S.W. 90. The Courts of Civil Appeals have almost unanimously so held. Gallagher v. Die, Tex.Civ.App., 260 S.W.2d 128; Black v. Black, Tex.Civ.App., 185 S.W.2d 476; Fox v. Fox, Tex.Civ.App., 179 S.W. 883; Snyder v. Snyder, Tex.Civ. App., 279 S.W. 897; Therwhanger v. Therwhanger, Tex.Civ.App., 175 S.W.2d 704; Meyer v. Meyer, Tex.Civ.App., 361 S.W.2d 935.

The facts are undisputed. Bartlett himself was the only witness. The trial court had the right to draw inferences from the undisputed facts. Commercial Standard Insurance Co. v. Davis, 134 Tex. 487, 137 S.W.2d 1. We are unable to say as a matter of law that Bartlett did not become a resident in contemplation of the statute in Van Zandt County in October of 1963.

The judgment of the trial court and that of the Court of Civil Appeals are therefore affirmed.

CALVERT, C. J., and WALKER, NORVELL and GREENHILL, JJ., dissenting.

GREENHILL (dissenting).

Whatever the word "resident" may mean under other circumstances, the litigants here do not question the power of the Legislature to define "resident" as it applies as a qualification for the office of county attorney. It has said in Article 332 that, as a qualification, the county attorney "shall reside" in the county.[1] It has also prescribed in Article 1.05 of the Election Code that no person shall be eligible to be a candidate for, or elected to, the office of county attorney unless he "shall have resided" in the county for a period of six months next preceding the date of any primary or election.

In defining "residence" in Article 5.08 of the Election Code, the Legislature has stated that "The 'residence' of a single man is where he usually sleeps at night." Robert Bartlett, the respondent, was an adult single man. He concedes that he never spent the night in Van Zandt County until some 4½ months prior to the date of the primary.

Bartlett was also a student. Article 5.08 also establishes, in law, the residence of a student. It says that the residence of a student "shall be construed to be where his home was before he became" a student, "unless he has become a bona fide resident in the place where he * * * is such student * * *."

Bartlett's home before he became a student at Baylor was in Marshall, Texas. He says he did not become a bona fide resident of Waco, McLennan County, and that point is not questioned.

So under the plain provisions of the Election Code, Bartlett was not, while he was a student, a resident of Van Zandt County.

Notwithstanding the statute's plain provision that a student's residence "shall be construed to be" at one place, the majority of the Court has construed that it should be elsewhere.

The Legislature has allowed one exception: the statute has said a student's residence may be at the place where the school

---

1. All references to statutes herein are to Vernon's Annotated Civil Statutes.

or college is "if he has become a bona fide resident in [such] place." If a *bona fide* residence is required at the location of the school or college, it would be consistent with legislative intent (assuming the Court can find residence for purposes of election at places other than prescribed by the statute) to hold that the student must have become a *bona fide* resident of some other community.

If we go outside the statute, certainly it was the intent of the Legislature that candidates for public office be members of the community in which they will hold office. If the residence requirement has any real meaning, it must be that the candidate shall have lived among the people and in the community and have become acquainted with their problems and their needs. And the Legislature has said that the candidate must have resided in the community for [at least] six months prior to the election.

So it is my view that to be eligible for the office, the candidate must have become a member of the community and remained so for six months. It is understandable that reasonable minds can and often will differ as to the minimum acts and conduct necessary to meet the legal requirements of becoming a resident or becoming a member of the community; and in many situations, this will be an issue of fact. But just going to a community for a few hours on two days[2] and entering into what I regard as a *tentative* contract of employment is not as a matter of law enough.

The majority bolsters its opinion by pointing out that Bartlett actually lived in Van Zandt County [became a member of the community] for 4½ months. The trouble is that the statute requires residence for six months. The question here is, when did he begin to reside in Van Zandt County? I would say when he moved to Van Zandt County, rented a room, and began the practice of law. He then became a member of the community he wished to serve. The majority says he began to live in Van Zandt County [became a resident] when he visited the city and made his tentative agreement of employment. If this is so, his residence for purposes of elections became fixed at *that* time; and under the logic of their view, he was eligible to go on the ticket at the election if he had never returned to Van Zandt, assuming he had not visited some other place during some other day and established his residence elsewhere. This, it is submitted, is not the legislative intent.

Again, the majority opinion says that Bartlett became a "resident" of Van Zandt when he visited there and entered into his tentative contract of employment. This became his permanent residence. That being so, he would continue to "reside" there until he legally changed his residence to some other place. Therefore, in addition to being able to go on the ticket without ever returning there, he could (under the opinion of the majority) serve as county attorney while actually living [but not residing] in El Paso or Brownsville. This interpretation of the words "reside" and "residence" absolutely thwarts the legislative purpose of Article 332 which says that the county attorney "shall reside" in the county. And this illustration makes it even clearer that the legislature meant for the candidate to be or to become a member of the community before he should be eligible to the office of county attorney.

There are a number of cases supporting the legal concepts expressed in this opinion. They are set out in the able dissenting opinion of the Court of Civil Appeals, 375 S.W. 2d at 940, and need not be repeated here.

This opinion is not intended to cast any reflection on Mr. Bartlett. He is probably

2. The Statement of Facts does not disclose how many hours Bartlett spent in Canton, Van Zandt County. It would seem to be fair to say that he was there a few hours one evening and a few hours the following morning. In between time, he drove to Tyler, Smith County, some 37 miles distant [referred to as "a nearby town" in the majority opinion] to spend the night.

a fine person, and assuming his election, it is hoped that he will make an able County Attorney. But, in my opinion, he simply cannot have resided in Van Zandt County for six months next preceding the primary election on May 2nd, and hence he is not eligible to have his name placed on the ballot.

CALVERT, C. J., and WALKER and NORVELL, JJ., join in this dissent.