Jose ZUNIGA, III, Appellant,

v.

Lupe J. ALMARAZ, Appellee.

No. 15383.

Court of Civil Appeals of Texas, San Antonio.

Oct. 15, 1974.

**332**

Frank R. Nye, Jr., Rio Grande City, Arnulfo Guerra, Roma, for appellant.

B. J. Shepherd, Alice, for appellee.

PER CURIAM.

An election contest for the Democratic nomination for the office of Justice of the Peace, Precinct No. 1, Jim Hogg County, Texas. A special election was held on August 31, 1974, and the result, as determined by the election officials after a recount, was Zuniga–262 votes and Almaraz–258 votes. A contest was filed by Almaraz and judgment was entered after a full hearing and recount by the trial court declaring Almaraz the winner with 254 votes to 252 votes for Zuniga.

At the outset, we must consider Zuniga's assignment of error that the trial court erred in overruling his plea in abatement. Zuniga alleged by his unverified amended answer that neither the petition for recount, nor the petition for contest, was timely filed and sought a dismissal of the action. There is no order overruling said plea in the record although the statement of facts contains the following recitation:

"(The Court heard arguments of counsel on a Plea in Abatement filed by the Contestee.)

THE COURT: I will overrule the motion and we will proceed with the trial."

We do not have a complete transcript of the proceedings before the trial court on said plea, and therefore do not know the basis for the court's ruling.

Article 13.30(3) [1] requires the contest of a primary election to be filed "within ten days from the date of canvass." The record shows that the election contest was

1. All statutory references are to Texas Election Code, Vernon's Tex.Rev.Civ.Stat.Ann. (1967).

filed on September 18, 1974; however, there is no showing as to the date of the canvass. Article 13.24 requires the County Executive Committee to convene on the Tuesday following the day of the primary election to canvass the returns. In case a recount is had, the canvassing board is required to convene within two days after the recount is completed and deliver its report to the presiding officer of the canvassing board. Article 9.38a (Supp.1974).

■ The record here establishes that a recount was had, but the date of its completion is not in the record nor is the date of the canvass. In this situation, Zuniga has not shown that the trial court erred in overruling his plea in abatement.

■ Appellant complains of the trial court's refusal to invalidate the absentee ballots cast by Maria Almaraz and Ilsa Almaraz. Both of these voters cast absentee votes in person. In their applications to vote absentee by personal appearance, each of these two voters swore that she would be unable to appear at the polling place on the date of the election because of "Expected Absence from County."

Both voters testified at the trial. Maria Almaraz, when asked to explain why she voted absentee, replied: "Because I never know when I—you know, if I would be able—I have to baby sit for my daughter-in-law, on Saturdays, and then I don't know when I'm able—if I'm able to go and vote. And I also work." She also testified that her daughter-in-law lived in Jim Hogg County.

Ilsa Almaraz testified that she voted absentee, "Well, because I had to work late on Saturday." She testified that she worked at a store in Jim Hogg County.

A qualified voter is entitled to cast an absentee ballot only if he expects to be absent from the county of his residence on the day of the election, or if, because of sickness, physical disability or religious belief he cannot appear at the polling place in the election precinct of his residence on the day of the election. Texas Election Code Ann., Article 5.05, Subd. 1, V.A.T.S. (Supp.1974).

On the face of their applications, both of these voters were entitled to cast absentee ballots. However, appellant contends that since their testimony establishes that they voted absentee for reasons other than those provided by statute, their votes were illegal and cannot be counted. We disagree.

In Davis v. State ex rel. Wren, 75 Tex. 420, 12 S.W. 957, 960 (1889), Justice Gaines said:

"The declarations of a voter after he has voted, and after the election has closed, in regard to his qualification, are not in derogation of any existing right, and consequently cannot be treated as a declaration against interest. Besides, we think the admission of such testimony would contravene a sound public policy. It would open a door to fraud to permit a voter who may have changed his mind as to his choice of candidates, and who may have become dissatisfied as to the declared result, to affect the determination of a contest by his declarations. We understand the great weight of authority to be in accordance with this ruling."

See also Duncan v. Willis, 157 Tex. 316, 302 S.W.2d 627, 635 (1957).

Apparently, the excluded testimony in *Davis* was testimony by X concerning declarations by Y, the voter, and the actual decision can be based on the rule excluding hearsay testimony. However, the "sound public policy" of which Judge Gaines spoke would be similarly "contravened" by allowing the voter to testify in person as to facts showing his lack of qualifications.

It is also true that the question in *Davis* did not concern statements made by an applicant for an absentee ballot. But we believe that "sound public policy" requires that an absentee voter cannot, after the election, impeach his vote by testifying that he was not entitled, under the law, to

cast an absentee ballot. The *Davis* reasoning has been used to prevent an absentee voter from testifying, after the election, contrary to the facts stated in his application for an absentee ballot. Fields v. Cotten, 383 S.W.2d 84, 90 (Tex.Civ.App.—Beaumont 1964, no writ).

We conclude that the rule which prevents a written ballot or an application for an absentee ballot, from being changed by parol testimony is a rule of law, and not a mere rule of evidence, and that the testimony relied on by appellant cannot be relied on to deny efficacy to the absentee ballots cast by Maria Almaraz and Ilsa Almaraz. The trial court properly counted these ballots.

■ Zuniga also complains because the trial court invalidated the votes of David Garza and Graciela Cadena, presumably because they were not residents of Precinct 1. Article 2.06, provides that with certain exceptions which are not applicable here, "[a]ll voters shall vote in the election precinct in which they reside." In Harrison v. Jay, 153 Tex. 460, 271 S.W.2d 388 (1954), the Supreme Court considered this requirement and held that this requirement must be obeyed if the vote is to be counted.

David Garza testified that his residence for voting purposes is with his parents at 602 Elm St., Hebbronville, which is in Precinct 2. He is a single man who is now temporarily working in Houston. He had been working in Arkansas and when he came home in June of 1974, his parents were living at 602 Elm Street. While there is some uncertainty in the record as to exactly when his parents moved to this address, it is established that they moved into Precinct 2 more than thirty days before the special election.

■ Graciela Cadena and her husband have lived at 508 E. Tilley Street for the last two and a half years. She testified without contradiction:

"Q. Do you know if that's in Precinct One or Precinct No. Three?

A. I believe it's Three.

Q. Three?

A. Mm Hmm."

She advised the election judge of her residence in Precinct 3, but was advised by the judge to go ahead and vote in Precinct 1. This was not a valid vote for an office confined to Precinct 1. See Article 5.16a.

The record supports an implied finding by the trial court that neither David Garza nor Graciela Cadena were residents of Precinct 1 or entitled to vote there in the special election held on August 31, 1974. The trial court did not err in invalidating these votes.

■ Zuniga asserts that the court erred in not invalidating the vote of Jacinto Gomez since he was not a valid voter in said election. The only testimony relative to his residence came from his brother who testified that Jacinto is single and has worked for Joe D. Hughes Construction Company in Corpus Christi for about 30 years. Although Jacinto owns a house in Hebbronville, which is occupied by his mother, Jacinto rents another house in Corpus Christi where he sleeps from Sunday through Friday nights of every week and has continuously done so since 1959. He returns to Hebbronville about every weekend or two and has always voted in Hebbronville.

Article 5.08 defines "residence" in part as follows: "The 'residence' of a single man is where he usually sleeps at night." There are certain exceptions to this definition, but none are applicable to Jacinto. In Mills v. Bartlett, 377 S.W.2d 636 (Tex. 1964), the Supreme Court in considering this definition held: "The term 'residence' is an elastic one and is extremely difficult to define. The meaning that must be given to it depends upon the circumstances surrounding the person involved and largely depends upon the present intention of the individual. Volition, intention and action are all elements to be considered in determining where a person resides and

such elements are equally pertinent in denoting the permanent residence or domicile."

In applying this test to the brief record regarding the "residence" of Jacinto Gomez, we conclude that the trial court erred in holding that he was a resident of Precinct 1 within the statutory definition. The court erred in not invalidating his vote which was shown to have been cast for Almaraz.

We have considered all of Zuniga's assignments of error and with the exception of the complaint regarding the vote of Jacinto Gomez, said assignments are without merit. The error as to Jacinto Gomez does not change the final result, and therefore the trial court properly declared Almaraz the rightful nominee of the Democratic Party for the office of Justice of the Peace, Precinct 1, Jim Hogg County, Texas.

The judgment is affirmed.

In view of the shortness of time before the commencement of absentee voting, no motion for rehearing will be entertained and the mandate of the court will be promptly issued.