

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00248-CR

BERT LEE CAUDILL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 30386

Before Stevens, C.J., van Cleef and Rambin, JJ.
Opinion by Chief Justice Stevens

# OPINION

A Lamar County jury convicted Bert Lee Caudill of second-degree-felony failure to comply with sex-offender registration requirements[1] and assessed a sentence of fifteen years' imprisonment and a fine of $10,000.00. The trial court entered its judgment of conviction in accordance with the jury's verdict. On appeal, Caudill asserts that the evidence is legally insufficient to show he resided or intended to reside in Lamar County and that the evidence was insufficient to support his second-degree-felony conviction and sentence.[2] We find that the evidence was insufficient to establish a conviction for a second-degree felony. Nevertheless, because the evidence was sufficient to show Caudill resided in Lamar County, we will modify the judgment to show Caudill was convicted of a third-degree felony and remand this case to the trial court for a new punishment hearing.

## I. Standard of Review

"In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt." *Williamson v. State*, 589 S.W.3d 292, 297 (Tex. App.—Texarkana 2019, pet. ref'd) (citing *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010)). "Our rigorous [legal sufficiency] review focuses on the quality of the evidence presented." *Id.* (citing *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring)). "We

---

[1]*See* TEX. CODE CRIM. PROC. ANN. art. 62.102(a), (b)(3).

[2]Although his brief asserts that the trial court erred by imposing an illegal punishment, Caudill argues that the sentence was illegal because there was insufficient evidence to support his conviction for second-degree-felony failure to comply with sex-offender registration requirements. We construe this as a complaint that there was insufficient evidence to support his second-degree-felony conviction and sentence.

2

examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury 'to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Id.* (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)).

"In our review, we consider 'events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act.'" *Id.* (quoting *Hooper*, 214 S.W.3d at 13). "It is not required that each fact 'point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction.'" *Id.* (quoting *Hooper*, 214 S.W.3d at 13). "Circumstantial evidence and direct evidence are equally probative in establishing the guilt of a defendant, and guilt can be established by circumstantial evidence alone." *Id.* (citing *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13). "Further, 'we must consider all of the evidence admitted at trial, even if that evidence was improperly admitted.'" *Id.* (quoting *Fowler v. State*, 517 S.W.3d 167, 176 (Tex. App.—Texarkana 2017), *rev'd in part*, 544 S.W.3d 844 (Tex. Crim. App. 2018)).

The jury, as "the sole judge of the credibility of the witnesses and the weight to be given their testimony[, could] 'believe all of [the] witnesses' testimony, portions of it, or none of it.'" *Id.* (second alteration in original) (quoting *Thomas v. State*, 444 S.W.3d 4, 10 (Tex. Crim. App. 2014)). "We give 'almost complete deference to a jury's decision when that decision is based

upon an evaluation of credibility.'" *Id.* (quoting *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008)).

"Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge." *Id.* at 298 (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "The 'hypothetically correct' jury charge is 'one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id.* (quoting *Malik*, 953 S.W.2d at 240).

## II.     The Trial Court Proceedings

The evidence at trial showed that Caudill was convicted in 2015 under the laws of Maryland for a second-degree-felony sexual offense against a child that occurred in 2002. As a result of his conviction, Caudill was required to register as a sex offender in Maryland for his lifetime. In May 2023, Caudill had a then-current registration as a sex offender in Maryland and was required to verify his registration information every ninety days. The Texas Department of Public Safety (TDPS) determined[3] that the crime defined in the Maryland statute under which Caudill was convicted was substantially similar to the offense of sexual assault of a child in Section 22.011(a)(2) of the Texas Penal Code.[4]

On May 2, 2023, Caudill came to live in Lamar County with Carrie Pritt and her daughter, Virginia Amis, on Jackson Avenue in Roxton. According to Pritt, Caudill was only

---

[3]*See* TEX. CODE CRIM. PROC. ANN. art. 62.003.

[4]*See* TEX. PENAL CODE ANN. § 22.011(a)(2) (Supp.).

4

supposed to live with them a short time while he tried "to work things out" with Amis, who was his girlfriend. Caudill told her that he would only stay for a couple of weeks, then move to Colorado. While he lived with them, Caudill shared a bedroom with Amis. Caudill lived with them until May 21, when he was arrested on an unrelated offense.[5]

Lamar County Deputy Curtis Graham testified that he is the county's mental health deputy and that he oversees the registration of sex offenders living in the county to ensure they are in compliance with state law. He testified that, if a sex offender moves to the county, the person must register by the seventh day of his arrival. According to Graham, even if someone is living in the county temporarily for more than seven days, they must register with him by the seventh day. He testified that the sex offender must register whether he is a temporary or permanent resident.

Graham also testified that he usually finds out that someone from out of state who comes to the county is required to register either by the other state notifying him or the other state informing the person that he needs to contact Graham when he comes to the county. However, he discovered that Caudill was living in the county when another deputy notified him after he was arrested on the unrelated offense. The deputy told Graham that he believed Caudill was a sex offender from Maryland.

Upon receiving that information, Graham began his investigation to determine whether Caudill was required to register as a sex offender in Lamar County. He confirmed that Caudill

___

[5]Pritt testified that, when Caudill moved into her house, he brought a pair of jeans and a shirt and that, while he lived in her house, he did not pay rent, pay for groceries, or receive mail. She did not know if he changed his driver's license.

was a registered sex offender in Maryland and that he was convicted of an offense in Maryland that was substantially similar to the Texas offense of sexual assault of a child, as determined by TDPS. He also testified that the duration of the registration period for someone convicted of sexual assault of a child was the person's lifetime and that the registration had to be verified every ninety days. Graham testified that Caudill indicated he lived on Jackson Avenue in Roxton on his booking information sheet and that, on another court document, Caudill verified under penalty of perjury that his address was at the same address. Graham also spoke with the other residents of that address and, based on their statements, determined that Caudill was living permanently at the address. He also testified that, between May 2 and the date of his arrest, Caudill never came to register with him.

Tracking the language in the indictment, the trial court's jury charge in the guilt/innocence stage read as follows:

> [I]f you find from the evidence beyond a reasonable doubt that on or about May 21, 2023, in Lamar County, Texas, the Defendant, Bert Caudill, did then and there, while knowing that he was required to register under Chapter 62 of the Texas Code of Criminal Procedure because of a reportable conviction based upon Sex Offense in the Second Degree, a Maryland offense substantially similar to Sexual Assault of a Child, fail[ed] to comply with a requirement of Chapter 62, by failing to register with the local law enforcement authority in the county where the defendant resided or intended to reside for more than seven days, namely, the Lamar County Sheriff's Office, and the defendant did not register by the seventh day after the defendant's arrival in said jurisdiction, then you will find the Defendant Guilty of the offense of Failure to Comply with Sex Offender Duty to Register as charged in the Indictment.

After the jury found Caudill guilty, the trial court instructed the jury in the punishment charge "that the range of punishment for the offense of Failure to Comply with Sex Offender Duty to Register as charged in the Indictment, is not less than two (2) years but not more than twenty

(20) years [imprisonment] . . . and an optional fine not to exceed $10,000.00." After deliberation, the jury assessed Caudill a sentence of fifteen years' imprisonment and a fine of $10,000.00. The trial court sentenced Caudill in accordance with the jury's verdict and recited in its judgment that the degree of the offense was "**SECOND DEGREE FELONY**."

### III. The Sufficiency of the Evidence Challenges

#### A. The Evidence Was Insufficient to Support the Second-Degree-Felony Conviction and Sentence

##### 1. Applicable Law

"The elements of an offense must be charged in the indictment, submitted to a jury, and proven by the state beyond a reasonable doubt." *Juarez v. State*, 198 S.W.3d 790, 793 (Tex. Crim. App. 2006) (citing *Jones v. United States*, 526 U.S. 227, 232 (1999)). As we have previously noted, to obtain a conviction for failure to comply with sex-offender registration requirements, the State must show that the accused "(1) had a reportable conviction or adjudication, (2) was required to register, (3) failed to comply with that requirement, and that (4) his duty to register had not expired." *Hall v. State*, 440 S.W.3d 690, 691 (Tex. App.—Texarkana 2013, pet. ref'd) (citing *Crabtree v. State*, 389 S.W.3d 820, 824–25 (Tex. Crim. App. 2012)), *disagreed with on other grounds by Ex parte Lane*, 670 S.W.3d 662 (Tex. Crim. App. 2023) (orig. proceeding). However, those are not the only essential elements of the offense.

Article 62.102 of the Texas Code of Criminal Procedure, as applicable to this case, provides:

> (a) A person commits an offense if the person is required to register and fails to comply with any requirement of this chapter.

7

(b)     An offense under this article is:

. . . .

(2)     a felony of the third degree if the actor is a person whose duty to register expires under Article 62.101(a) and who is required to verify registration once each year under Article 62.058; and

(3)     a felony of the second degree if the actor is a person whose duty to register expires under Article 62.101(a) and who is required to verify registration once each 90-day period under Article 62.058.

TEX. CODE CRIM. PROC. ANN. art. 62.102(a), (b).

In *Juarez*, the Texas Court of Criminal Appeals examined the requirements of Article 62.102, subsections (a) and (b).[6]  The court explained that subsection (a) of Article 62.102 "defines the basic elements of the felony," i.e., an offense is committed "if that person is required to register and fails to comply with any requirement of Chapter 62." *Juarez*, 198 S.W.3d at 793.

Subsection (b), on the other hand, "sets forth the elements that determine the degree of felony." *Id.*  The court noted that, while subsection (b)(2), which makes the offense a third-degree felony, "applies to a person who must register for life, but must verify registration only once each year," subsection (b)(3), which makes the offense a second-degree felony, "applies to a person who must register for life, but must verify registration at least once every 90 days." *Id.* As a result, the court concluded that the failure to comply with sex-offender registration "is similar to the burglary statute, . . . which sets out the basic elements of burglary, . . . and then sets

_____

[6]Although the court in *Juarez* examined Article 62.10, that article was renumbered to Article 62.102.  *See* Act of May 24, 2005, 79th Leg., R.S., ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3385, 3407–08 (codified at TEX. CODE CRIM. PROC. art. 62.102) (effective Sept 1, 2005).  Because Article 62.10, subsections (a) and (b), had identical wording to Article 62.102, subsections (a) and (b), except for the renumbering of the articles referenced in subsection (b), for the sake of clarity, we will replace any reference to Article 62.10 in *Juarez* with Article 62.102.

out, in separate subsections, *additional elements* of burglary that determine what degree of felony shall be charged." *Id.* at 793–94 (emphasis added).

As a result, subsection (b)(3) sets forth the additional elements that make failure to comply with sex-offender registration a second-degree felony. First, the person must have a "duty to register [that] expires under Article 62.101(a)." TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(3). Under Article 62.101(a), a person's duty to register expires upon his death if he "has a reportable conviction or adjudication" for certain listed offenses, including "a sexually violent offense."[7] TEX. CODE CRIM. PROC. ANN. art. 62.101(a)(1) (Supp.). As a result, for the offense to be a second-degree felony, the State must establish that the person has a duty to register for life. *See Juarez*, 198 S.W.3d at 793.

Under subsection (b)(3), the person must also be "required to verify registration once each 90-day period under Article 62.058." TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(3). Article 62.058 sets forth four predicates that will require the person to verify his registration every ninety days. Subsection (a) of Article 62.058 requires, after his initial registration, that a person "report to the local law enforcement authority[8] designated as the person's primary

---

[7] Sexual assault of a child by a person who is at least seventeen years old is a sexually violent offense. TEX. CODE CRIM. PROC. ANN. art. 62.001(6)(A) (Supp.).

[8] "'Local law enforcement authority' means, as applicable, the office of the chief of police of a municipality, the office of the sheriff of a county in this state, or a centralized registration authority." TEX. CODE CRIM. PROC. ANN. art. 62.001(2) (Supp.). "'Centralized registration authority' means a mandatory countywide registration location designated under Article 62.0045." TEX. CODE CRIM. PROC. ANN. art. 62.001(11) (Supp.). Article 62.0045 provides, "The commissioners court of a county may designate the office of the sheriff of the county or may, through interlocal agreement, designate the office of a chief of police of a municipality in that county to serve as a mandatory countywide registration location for persons subject to this chapter." TEX. CODE CRIM. PROC. ANN. art. 62.0045(a).

registration authority by the department[9] not less than once in each 90-day period . . . to verify" his registration information if the person (1) has "been convicted two or more times" for a sexually violent offense, (2) has "received an order of deferred adjudication two or more times" for a sexually violent offense, or (3) has "been convicted and received an order of deferred adjudication" for a sexually violent offense. TEX. CODE CRIM. PROC. ANN. art. 62.058(a) (Supp.). In addition, subsection (b) of Article 62.058 provides that "[a] local law enforcement authority designated as a person's primary registration authority by the department may direct the person to report to the authority to verify the information in the registration form maintained by the authority . . . once in each 90-day period." TEX. CODE CRIM. PROC. ANN. art. 62.058(b) (Supp.). Thus, for the offense to be a second-degree felony, the State must establish that the person is required to report and verify his information to the local law enforcement agency every ninety-day period by establishing the existence of at least one of the four predicates set forth in Article 62.058.[10]

Further, the Texas Court of Criminal Appeals has held that, to obtain a conviction under Article 62.102(a) for "failure to comply with sex offender registration obligations, the State must allege and prove, and the fact-finder must unanimously find, that the defendant has committed 'one specific statutory failure'—a violation of a discrete statutory provision within the numerous

---

[9]"'Department' means the Department of Public Safety." TEX. CODE CRIM. PROC. ANN. art. 62.001(1) (Supp.); *see also* TEX. CODE CRIM. PROC. ANN. art. 62.004(a) (providing that the DPS "shall determine which local law enforcement authority serves as the person's primary registration authority").

[10]In cases, such as this one, where the person's extra-jurisdictional conviction was the reportable conviction or adjudication was asserted as triggering his duty to register, an additional essential element is that the TDPS determine that the extra-jurisdictional offense is "substantially similar to a Texas offense requiring registration." *Crabtree v. State*, 389 S.W.3d 820, 825 (Tex. Crim. App. 2012); *see* TEX. CODE CRIM. PROC. ANN. art. 62.003. On appeal, Caudill does not complain that this element was not established.

requirements of Chapter 62." *Herron v. State*, 625 S.W.3d 144, 153 (Tex. Crim. App. 2021) (quoting *Young v. State*, 341 S.W.3d 417, 425 (Tex. Crim. App. 2011)). The indictment charged Caudill under Article 62.051, which provides, as applicable to this case:

> (a)      A person who has a reportable conviction or adjudication . . . shall register . . . with the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days. . . . The person shall satisfy the requirements of this subsection not later than . . . :
>
> (1)      the seventh day after the person's arrival in the municipality or county . . . .

TEX. CODE CRIM. PROC. ANN. art. 62.051(a)(1) (Supp.).

### 2.      Analysis

Under the applicable statutes and the indictment, to convict Caudill of the second-degree-felony offense of failure to comply with sex-offender registration requirements, the State had to show, beyond a reasonable doubt, that Caudill (1) had "a reportable conviction," namely "Sex Offense in the Second Degree, a Maryland offense," which the TDPS determined was "substantially similar to Sexual Assault of a Child"; (2) was required to register (3) in Lamar County, (4) where he resided or intended to reside for more than seven days; (5) failed to register with the local law enforcement authority, namely, the Lamar County Sheriff's Office, (6) by the seventh day after the defendant's arrival in Lamar County; (7) had a lifetime duty to register; and (8) was required to verify his registration every ninety days. *See* TEX. CODE CRIM. PROC. ANN. arts. 62.051(a)(1), 62.058(a), (b).

11

On appeal, Caudill only challenges the sufficiency of the evidence showing that he resided or intended to reside in Lamar County and that he was required to verify his registration every ninety days.

In his second issue, Caudill asserts that there was insufficient evidence to support his second-degree conviction and sentence. Caudill argues that, because there was insufficient evidence of any of the four alternatives in Article 62.058, the State failed to establish that he committed a second-degree-felony offense of failure to comply with sex-offender registration requirements. Rather, he argues, he was convicted of a third-degree felony, at most, which has a maximum sentence of ten years' imprisonment and a $10,000.00 fine. Consequently, he argues, because the sentence imposed exceeded the maximum sentence allowed, the sentence was illegal. *See Bledsoe v. State*, 480 S.W.3d 638, 641 (Tex. App.—Texarkana 2015, pet. ref'd). The State argues that the evidence was sufficient to establish that Caudill was required to verify his registration every ninety days because the documentation from Maryland showed that he was required to verify every ninety days and Graham testified that a person convicted of sexual assault of a child is required to verify their registration every ninety days.

The evidence showed that the State only established one conviction for a sexually violent offense, i.e., the Maryland conviction for sex offense in the second degree, which the TDPS determined was substantially similar to the Texas offense of sexual assault of a child. There was no evidence that Caudill had another conviction for a sexually violent offense or that he received an order of deferred adjudication for a sexually violent offense. As a result, the State did not establish, beyond a reasonable doubt, any of the three predicates under Article 62.058(a).

12

To show that Caudill was required to verify his registration every ninety days under Article 62.058(b), the State, under the plain language of the statute, had to show that Caudill was directed by "[a] local law enforcement authority designated as a person's primary registration authority by the [TDPS]" to verify his registration every ninety days. TEX. CODE CRIM. PROC. ANN. art. 62.058(b). Although there was some evidence that the Harford County Sheriff's Office in Maryland required Caudill to verify his registration in that state every ninety days, neither the State of Maryland nor the Harford County Sheriff's Office in Maryland are included within the definition of "local law enforcement authority." *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(2) ("'Local law enforcement authority' means, as applicable, the office of the chief of police of a municipality, the office of the sheriff of a county *in this state*, or a centralized registration authority." (Emphasis added)). Also, although Graham testified that a person convicted of sexual assault of a child is required to verify their registration every ninety days, there was no testimony that Caudill was directed by the Lamar County Sheriff's Office to verify his registration every ninety days.

Based on this record, we find that there was no evidence that established that Caudill was required to verify his registration every ninety days, as required under Article 62.058. We sustain Caudill's second issue.

Generally, when we find "the evidence insufficient to establish an element of the charged offense, but the jury necessarily found the defendant guilty of a lesser offense for which the evidence is sufficient," we "must reform the judgment to reflect the lesser-included offense and remand for a new punishment hearing." *Lee v. State*, 537 S.W.3d 924, 927 (Tex. Crim. App.

13

2017) (citing *Thornton v. State*, 425 S.W.3d 289, 299–300 (Tex. Crim. App. 2014)). In light of our resolution of Caudill's first issue, below, the evidence in this case was sufficient to find Caudill guilty of third-degree-felony failure to comply with sex-offender registration requirements.[11] As a result, we will modify the judgment to show that Caudill was convicted of third-degree-felony failure to comply with sex-offender registration requirements under Article 62.102(b)(2) of the Texas Code of Criminal Procedure, affirm that conviction, and remand this case to the trial court for a new punishment hearing.

**B.      The Evidence Was Sufficient to Establish that Caudill Resided or Intended to Reside in Lamar County**

Caudill's first issue challenges the sufficiency of evidence supporting the jury's finding that he resided or intended to reside in Lamar County for seven or more days. Relying principally on *Herron*, Caudill argues that the record shows he only intended to reside in Lamar County on a temporary basis and no rational jury could find evidence that established or intended to establish a domicile in that county. *Herron*, 625 S.W.3d 144. We disagree.

In *Herron*, the Texas Court of Criminal Appeals considered whether, under Article 62.051(a), a person who was never physically present in a county had a duty to register with a local law enforcement authority in that county. *Id.* at 155. In that case, Herron was released on parole and was required to reside at a halfway house in El Paso County. *Id.* at 148. The

---

[11]As the court in *Juarez* explained, Article 62.102(b)(2), which makes the offense a third-degree felony, "applies to a person who must register for life, but must verify registration only once each year." *Juarez*, 198 S.W.3d at 793; *see* TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(2). As a result, if it is established that the person is required to register for life, but none of the four predicates under Article 62.0045 are established, then the offense is a third-degree felony. TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(2); *see* TEX. CODE CRIM. PROC. ANN. art. 62.058(a) ("A person subject to registration under this chapter who is not subject to the 90-day reporting requirement described by this subsection shall report to the local law enforcement authority designated as the person's primary registration authority by the department once each year . . . .").

evidence showed that all documents and notifications given to him, which Herron had signed, recited that he was expected to reside at the address of the halfway house in El Paso County and that his designated local law enforcement agency was the Horizon City Police Department. *Id.* at 148–49. While being transported to El Paso, Herron absconded and was apprehended several weeks later in Aransas County. *Id.* at 149. He was charged and convicted under Article 62.051(a) with failing to register with the local law enforcement authority in El Paso County. *Id.* at 149–50.

The court examined Article 62.051(a) and concluded that "reside," as used in that statute, "clearly envisions a person's physical presence and his establishment of a domicile." *Id.* at 155 (citing MERRIAM-WEBSTER'S NEW COLLEGIATE DICTIONARY 1003 (9th ed. 1986) ("stating that reside means 'to dwell permanently or continuously[']; 'occupy a place as one's legal domicile'"); WEBSTER'S NEW INTERNATIONAL DICTIONARY (3d ed. 1981) ("stating that reside means '[to] have a settled abode for a time: have one's residence or domicile'" (alteration in original))). The court then noted that "[s]ubsections (a)(1) and (a)(2) clarify that a person must fulfill his registration obligations 'not later than the later of' two events—seven days after the person's 'arrival' in the municipality or county, or the first date the local law enforcement authority allows the person to register." *Id.* (quoting TEX. CODE CRIM. PROC. ANN. art. 62.051(a)(1), (2)). As a result, the court concluded that there could not be a violation of Article 62.051 "unless and until [the person] has been physically present in a particular location while residing or intending to reside there for more than seven days without registering." *Id.*

15

In *Herron*, the issue of whether "resides or intends to reside" may be temporary, as well as permanent, was not before the court. However, Article 62.051(a) requires the person who has a registration duty to register or verify his registration "with the local law enforcement authority in any municipality where the person resides or intends to reside *for more than seven days.*" TEX. CODE CRIM. PROC. ANN. art. 62.051(a)(1) (emphasis added). This indicates that the person's place of abode or domicile may be temporary, as well as permanent.[12]

This construction is consistent with the Texas Court of Criminal Appeals' construction of reside or residence in other contexts. It has previously noted that "[r]esidence is an elastic term" whose "meaning . . . depends upon the circumstances surrounding the person involved and largely depends upon the present intention of the individual." *Whitney v. State*, 472 S.W.2d 524, 525 (Tex. Crim. App. 1971) (citing *Mills v. Bartlett*, 377 S.W.2d 636, 637 (Tex. 1964)). It also explained that, although it must be more "than a mere transient lodging," "[r]esidence may be temporary or permanent in nature." *Id.*

The evidence in this case shows that Caudill moved into the house shared by Pritt and Amis on May 2 and lived there for nineteen days until he was arrested on May 21. While he was there, Caudill shared a bedroom with Amis, his girlfriend. When he was arrested, Caudill verified that his address was 811 Jackson Avenue, Roxton, which was the same address as Pritt's house. Although there was testimony that Caudill told Pritt when he moved into her house that he was only going to stay a couple of weeks, the jury could reasonably infer from Caudill's

---

[12]Although not authoritative, at least one of our sister courts of appeals has also concluded that "reside," as used in Article 62.051, may be either temporary or permanent. *See Honea v. State*, No. 11-19-00319-CR, 2021 WL 3919437, at *5 (Tex. App.—Eastland Sept. 2, 2021, pet. ref'd) (mem. op., not designated for publication).

16

statement, his sharing a bedroom with his girlfriend, and his nineteen-day stay with Pritt, that he both intended to reside and resided in Lamar County for more than seven days.[13] *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (it is the jury's responsibility "to draw reasonable inferences from basic facts to ultimate facts").

Viewing the evidence in the light most favorable to the jury's verdict, we find that a rational jury could have found beyond a reasonable doubt that Caudill resided or intended to reside in Lamar County for more than seven days and failed to register within seven days after he arrived in the county. *See* TEX. CODE CRIM. PROC. ANN. art. 62.051(a)(1). As a result, we find that sufficient evidence supported the jury's implied finding that Caudill resided or intended to reside in Lamar County for more than seven days. We overrule Caudill's first issue.

---

[13]In his brief, Caudill cites our decision in *Dotie v. State* for the proposition that residence is largely dependent on a person's intention. *Dotie v. State*, 477 S.W.3d 482, 486 (Tex. App.—Texarkana 2015, no pet.). In that case, Dotie was charged with "failing to register or report a change of address as a sex offender." *Id.* at 483. One of the issues was whether he had resided at his new address, 1406 Farm to Market Road (FM) 2208 in Marion County, more than seven days before he notified his local law enforcement authority about the move on January 10, 2014. *Id.* at 483, 484. On December 21, 2013, Dotie was arrested in Shreveport and gave Louisiana law enforcement 1406 FM 2208 as his address. *Id.* at 487. Based on that information, we noted that "[e]ven according to the version of the facts most favorable to Dotie, he intended to make 1406 FM 2208 his new residence at least as of December 21, 2013, when he was arrested in Shreveport." *Id.* We recognized that physical presence was also a factor and held that "Dotie's intent combined with his physical presence at that residence [wa]s sufficient to create his residence at 1406 FM 2208." *Id.* Here, Caudill's statement to Pritt, and his verification several weeks later to law enforcement that he lived at the address of Pritt's house, showed that he intended to reside in Lamar County for more than seven days. That, combined with his physical presence at Pritt's house for nineteen days, showed that he also resided in Lamar County for more than seven days.

Caudill also points to the evidence that he brought very few belongings with him and that he did not pay rent and to the lack of any evidence that he leased or purchased any property, that he sought employment in Lamar County, or that he moved any furniture into Pritt's home. He argues that this showed that he did not consider Lamar County to be his domicile. Although the presence of those factors may, in certain cases, be supportive of a finding that a person resided or intended to reside in a county or municipality, Caudill cites no authority, and we have found none, that their absence is dispositive that a person did not reside or intend to reside in the county under Article 62.051(a). Because such evidence raises a fact issue, we defer to the jury's responsibility "to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper*, 214 S.W.3d at 13.

17

## IV. The Statute of Offense Must Be Corrected

We found that the evidence was sufficient to convict Caudill of third-degree-felony failure to comply with sex-offender registration requirements under Article 62.102(b)(2) of the Texas Code of Criminal Procedure. However, the trial court's judgment states that the "Statute for Offense" is "62.102(b)(3) Penal Code." "We have the authority to modify the judgment to make the record speak the truth." *Minter v. State*, 570 S.W.3d 941, 944 (Tex. App.—Texarkana 2019, no pet.) (citing TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.)). Accordingly, we modify the trial court's judgment to reflect that the proper statute of offense is Article 62.102(b)(2) of the Texas Code of Criminal Procedure.

## V. Conclusion

The evidence was insufficient to support Caudill's conviction and sentencing for second-degree-felony failure to comply with sex-offender registration requirements. Nevertheless, the jury necessarily found Caudill guilty of third-degree-felony failure to comply with sex-offender registration requirements, which is a lesser-included offense of second-degree-felony failure to comply with sex-offender registration requirements. Accordingly, we modify the trial court's judgment to reflect (1) a conviction for third-degree-felony failure to comply with sex-offender registration requirements and (2) that the proper statute of offense is Article 62.102(b)(2) of the Texas Code of Criminal Procedure. We affirm Caudill's conviction of third-degree-felony

18

failure to comply with sex-offender registration requirements, we reverse the trial court's sentence, and we remand this cause for a new punishment hearing.

Scott E. Stevens
Chief Justice

Date Submitted:    May 21, 2024
Date Decided:      June 10, 2024

Publish

19